# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>GERALD LOYAL-JOSEPH OKARSKI,<br><br>                    Petitioner. | No.  57480-2-II<br><br><br>UNPUBLISHED OPINION |

VELJACIC, J. – Gerald Okarski seeks relief from personal restraint imposed following his 2009 guilty pleas to rape of a child in the second degree and rape of a child in the third degree. This is Okarski's second personal restraint petition (PRP).  The issue before us is whether Okarski's current petition is timely because his judgment and sentence is facially invalid because several of his community custody conditions are unconstitutional.  The State concedes that one of the conditions is unconstitutional.  We agree that Okarski raises at least one claim of facial invalidity that satisfies the time-bar exception.  But because this is a successive petition, we cannot review it.  Accordingly, we transfer Okarski's PRP to the Supreme Court for consideration.

## FACTS

Okarski and AME were in a sexual relationship when AME was between 13 and 14 years old and Okarski was between 17 and 18 years old.  AME's mother contacted law enforcement. The State charged Okarski with rape of a child in the second degree and rape of a child in the third degree.  Okarski agreed to plead guilty to the charges in exchange for a recommendation that the

trial court impose a sentence under the Special Sex Offender Sentencing Alternative (SSOSA) statute, RCW 9.94A.670.

The trial court agreed to impose a SSOSA sentence of 130 months of confinement with all but 6 months suspended followed by community custody for life. Relevant to this petition, the trial court imposed a community custody condition that Okarski "not have access to the Internet."[1] Br. of Resp't App. at 37.

The trial court later revoked Okarski's SSOSA because he violated the terms of his sentence. This court affirmed. *See* Ruling Affirming Judgment and Sentence, *State v. Okarski*, No. 41363-9-II (July 11, 2011). And the matter mandated on May 18, 2012. *See* Mandate, *State v. Okarski*, No. 41363-9-II (May 18, 2012).

Okarski filed a timely PRP in 2012, challenging the legal financial obligations imposed by the trial court on his judgment and sentence. *See* Order Dismissing Petition, *In re Pers. Restraint of Okarski*, No. 43976-0-II (May 22, 2013). We dismissed the petition under RAP 16.11(b). *Id*. Okarski filed this, his second PRP, on May 27, 2022.

ANALYSIS

Okarski contends that his community custody condition that he not have access to the internet is unconstitutional. The State concedes that this condition is unconstitutional. We accept the State's concession.

---

[1] Both Okarski and the State allege that this condition includes the additional language "unless such access is approved in advance by the supervising [community corrections officer]." PRP at 2; Br. of Resp't at 7. Both parties cite to an attachment to Okarski's PRP, which is a printed list from the Offender Management Network Information (OMNI) webpage, which includes this language. However, our focus is on the facial validity of the judgment and sentence. RCW 10.73.090(1). Therefore, we address this condition as set forth in the judgement and sentence.

I.      TIMELINESS OF PETITION

RCW 10.73.090(1) requires that a petition be filed within one year of the date that the petitioner's judgment and sentence becomes final.  Okarski's judgment and sentence became final on the date his direct appeal mandated in 2012.  RCW 10.73.090(3)(b).  Okarski did not file his current petition until 2022, well over one year later.  Therefore, this petition is time barred unless Okarski establishes that one of the six time-bar exceptions set out in RCW 10.73.100 applies to his arguments or that his judgment and sentence is facially invalid or was not rendered by a court of competent jurisdiction.  RCW 10.73.090(1); *In re Pers. Restraint of Hankerson*, 149 Wn.2d 695, 702, 72 P.3d 703 (2003).

Our focus is on the facial invalidity exception.  We accept the State's concession that the judgment and sentence here appears facially invalid.  This facial invalidity satisfies RCW 10.73.090(1)'s exception to the one-year time bar for collateral attacks.

We next turn to whether we must transfer this matter to our Supreme Court under the successive petition rule.

II.     SUCCESSIVE PETITION RULE

Under RCW 10.73.140, we will not consider a subsequent PRP unless the petitioner, "certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition."  This statute further directs that "[i]f upon review, the court of appeals finds that the petitioner has previously raised the same grounds for review, or that the petitioner has failed to show good cause why the ground was not raised earlier, the court of appeals shall dismiss the petition on its own motion without requiring the state to respond to the petition."  RCW 10.73.140

But RCW 10.73.140 cannot be applied in isolation. *In re Pers. Restraint of Bell*, 187 Wn.2d 558, 562, 387 P.3d 719 (2017). In *In re Personal Restraint of Perkins*, 143 Wn.2d 261, 266, 19 P.3d 1027 (2001), the Supreme Court held that RCW 10.73.140, which applies only to the court of appeals, must be considered in light of the directive in RCW 2.06.030 that "[n]o case, appeal or petition for a writ filed in the supreme court or the court shall be dismissed for the reason that it was not filed in the proper court, but it shall be transferred to the proper court." Accordingly, when the court of appeals does not have authority to consider a petition on a particular basis that the Supreme Court may consider, the petition should be transferred "to the proper court" rather than dismissed. *Id*. Thus, RCW 2.06.030 compels the court of appeals to transfer a successive petition that raises new grounds without a showing of good cause, and that is not time barred, to the Supreme Court. *Bell*, 187 Wn.2d at 562.

In Okarski's first PRP, he argued that his legal financial obligations were wrongly imposed. In his current PRP, he argues that some of his community custody conditions were wrongly imposed. He fails to show good cause why his current arguments were not raised in his first PRP. Accordingly, Okarski's current petition is successive to his first and must be transferred to the Supreme Court.

CONCLUSION

We conclude Okarski's raises at least one issue in his PRP that appears timely, but the PRP is successive. Therefore, we transfer this petition to the Supreme Court for review.

4

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Glasgow, C.J.

_____
Che, J.