[No. 71575-1.   En Banc.]
Argued May 21, 2002.     Decided September 12, 2002.

*In the Matter of the Personal Restraint of* BENJAMIN H. FAWCETT, *Petitioner*.

*Benjamin H. Fawcett*, pro se.

*Suzanne L. Elliott*, for petitioner.

*Norm Maleng, Prosecuting Attorney for King County*, and *Deborah A. Dwyer* and *Ann M. Summers, Deputies*, for respondent.

JOHNSON, J. — Benjamin Fawcett pleaded guilty to first degree child molestation. At the time he pleaded guilty, Fawcett was told he would serve at least one year of community placement, even though the law in effect at the time Fawcett pleaded guilty mandated he serve at least two years of community placement. The sentencing court ultimately imposed two years of community placement. In this personal restraint petition (PRP), we must determine whether this misinformation actually and substantially prejudiced Fawcett. We hold that it did not.

## FACTS

On November 9, 1998, Benjamin Fawcett pleaded guilty to one count of first degree child molestation committed on August 1, 1990. The plea form Fawcett signed stated the judge would sentence Fawcett "to community placement for at least one year." PRP Ex.1 at 5. At the time Fawcett pleaded guilty, Washington law mandated he serve at least

two years of community placement. *See* former RCW
9.94A.120(9)(b) (1998) (recodified by LAWS OF 2001, ch. 10,
§ 6) ("When a court sentences a person to a term of total
confinement to the custody of the department of corrections
for an offense categorized as a sex offense committed on or
after July 1, 1990, but before June 6, 1996 . . . the court
shall in addition to other terms of the sentence, sentence
the offender to community placement for two years.").

The sentencing court entered judgment and sentence on
December 7, 1998. The court imposed a sex offender special
sentencing alternative (SOSSA), suspending Fawcett's sen-
tence of 68 months provided he serve 6 months in the King
County jail and comply with all the conditions of his
community placement.

For reasons that are not part of the record on appeal, the
trial court revoked Fawcett's SOSSA on July 22, 1999,
within one year of his release from total confinement. The
trial court ordered Fawcett to serve the remainder of his 68-
month sentence in the custody of the Department of Cor-
rections.

On November 8, 1999, Fawcett appealed his judgment
and sentence to the Court of Appeals. He sought to abandon
that direct appeal in November, 2000, and the Court of
Appeals issued its mandate terminating review on Novem-
ber 27, 2000. On December 15, 1999, Fawcett filed a PRP
with the Court of Appeals. The Court of Appeals denied
Fawcett's first PRP.

On September 19, 2001, within one year of the Court of
Appeals mandate in his direct appeal, Fawcett filed his
second PRP, which is the PRP now before this court. In an
unpublished opinion, the Court of Appeals denied Fawcett's
petition because he had already filed a PRP in which he
challenged his conviction. However, it granted the State's
request to remand the case to allow the sentencing court to
correct several errors on the face of the judgment and
sentence.[1]

---

[1] The judgment and sentence listed the date of offense as February 21, 1997,
even though Fawcett pleaded guilty to molesting a child on August 1, 1990. The

One day after Fawcett filed a motion for reconsideration, we held for the first time that when review of a PRP is barred by RCW 10.73.140, the Court of Appeals must transfer the petition to this court if it raises new grounds for relief. *See In re Pers. Restraint of Perkins*, 143 Wn.2d 261, 19 P.3d 1027 (2001). Accordingly, the Court of Appeals granted Fawcett's motion for reconsideration, withdrew its opinion, and transferred his PRP to this court. We retained Fawcett's PRP on December 13, 2001 for determination on the merits and directed the Clerk of the Court to appoint counsel for him.

## ANALYSIS

■ Fawcett complains that his guilty plea was involuntary because the plea form he signed stated he was subject to at least one year of community placement, whereas the mandatory minimum community placement was two years. A petitioner alleging constitutional error in a personal restraint petition must show he was actually and substantially prejudiced by the error. *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 303, 868 P.2d 835 (1994). An error that does not actually and substantially prejudice a personal restraint petitioner does not warrant the granting of the personal restraint petition—if an error did not harm the petitioner, it is not a legally cognizable error in a personal restraint petition.

---

minimum amount of community placement to which Fawcett was subject varied depending on when the crime was actually committed. *See* former RCW 9.94A.120(9)(b) ("When a court sentences a person to a term of total confinement to the custody of the department of corrections for an offense categorized as a sex offense committed on or after July 1, 1990, but before June 6, 1996 . . . the court shall in addition to other terms of the sentence, sentence the offender to community placement for two years."); former RCW 9.94A.120(10)(a) ("When a court sentences a person to the custody of the department of corrections for an offense categorized as a sex offense committed on or after June 6, 1996, the court shall . . . sentence the offender to community custody for three years."). Because Fawcett pleaded guilty to an act of child molestation committed on August 1, 1990, he was subject to a two-year minimum mandatory community placement term.

■ Fawcett alleges that he was actually and substantially prejudiced because the trial court did not tell him the two-year community placement term was mandatory. But whether Fawcett would have pleaded guilty to first degree child molestation knowing he would be sentenced to a two-year community placement term is irrelevant to whether he was actually and substantially prejudiced by the imposition of the two-year community placement term. It is irrelevant because Fawcett violated the conditions of his community placement two months into the community placement term. Even if the sentencing court had imposed a one-year community placement term, Fawcett's violation of the community placement conditions would have occurred within that period.

Given Fawcett's violation of the community placement conditions, the only way he can establish actual and substantial prejudice from the alleged error is if he violated the conditions outside the period of community placement time he alleges he should have received but within the period of time actually imposed. Because Fawcett violated the conditions of his community placement within the first two months of his community placement, we conclude he cannot establish that he was actually and substantially prejudiced by the alleged error.

Because Fawcett's SOSSA was revoked, he will suffer no future prejudice from the two-year community placement term which was imposed as part of his revoked SOSSA. By violating the terms of his community placement, Fawcett removed himself from the SOSSA alternative and subjected himself to the 1998 standard sentencing provisions applicable to a first-time first degree child molester with an offender score of zero. Those provisions allowed for a 51 to 68 month sentence and a two-year community placement term. Former RCW 9.94A.310, .120(9)(b).

## CONCLUSION

Fawcett alleges his guilty plea was involuntary because the plea form erroneously implied he could receive a one-

year community placement term when in fact the shortest community placement term he could have received was two years. Fawcett violated the conditions of his community placement within one year of his release from total confinement. Because Fawcett would be in precisely the same situation even if he had received a one-year community placement term, we hold that Fawcett was not actually and substantially prejudiced by the imposition of the two-year community placement term.

Therefore, Fawcett's personal restraint petition is denied.

ALEXANDER, C.J., and SMITH, MADSEN, SANDERS, IRELAND, BRIDGE, CHAMBERS, and OWENS, JJ., concur.