# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| TERESA BANOWSKY, | ) | No. 76360-1-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GUY BACKSTROM, D.C., d/b/a | ) | |
| BEAR CREEK CHIROPRACTIC | ) | |
| CENTER, | ) | PUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: July 16, 2018 |
| | ) | |

VERELLEN, J. — "Jurisdiction over the subject matter of an action is an elementary prerequisite to the exercise of judicial power."[1] If a court lacks subject matter jurisdiction, it is compelled to dismiss the action. District courts in Washington have subject matter jurisdiction limitations both as to types of controversies and the amount in controversy. The amount-in-controversy limit is grounded in the Washington State Constitution. When a plaintiff invokes the jurisdiction of the district court by filing a complaint expressly seeking damages in an amount exceeding the amount-in-controversy ceiling, the court lacks subject matter jurisdiction and must dismiss the action. A court rule such as CRLJ 14A(b) may not expand the authority of the court to take any action other than dismissal.

---

[1] In re Adoption of Buehl, 87 Wn.2d 649, 655, 555 P.2d 1334 (1976).

We affirm the superior court's decision on RALJ appeal affirming the district court's dismissal of the action filed by Teresa Banowsky expressly seeking damages in excess of $100,000.

## FACTS

Banowsky, representing herself, filed her chiropractic malpractice lawsuit against Dr. Guy Backstrom in district court expressly seeking "actual compensatory damages in an amount exceeding $100,000.00 together with attorney's fees, court costs, and whatever other damages deemed appropriate by the Court."[2] She filed her complaint on the last day of the statute of limitations period.

Seven weeks later, attorney James Banowsky appeared on behalf of Theresa Banowsky and filed a motion to transfer the lawsuit to superior court based on CRLJ 14A(b). The motion alleged that when the complaint was filed, the plaintiff was unaware of the limitation of damages in district court. The motion also confirmed that "Plaintiff's claim exceeds the $100,000.00 District Court Limit."[3]

The district court denied the motion to transfer and dismissed the case. On RALJ appeal, the superior court affirmed the district court's dismissal for lack of subject matter jurisdiction.

A commissioner of this court granted discretionary review.

---

[2] Clerk's Papers (CP) at 107.
[3] CP at 95-96.

2

## ANALYSIS

Banowsky argues that CRLJ 14A(b) required the district court to transfer her case to superior court even though her complaint alleged damages that exceeded the district court's amount-in-controversy limit. Because the district court did not have subject matter jurisdiction over the controversy as alleged by Banowsky in her original complaint, we disagree.

We review an order of dismissal for lack of subject matter jurisdiction de novo.[4] The consequences of a court acting without subject matter jurisdiction are "'draconian and absolute.'"[5] "A judgment entered by a court that lacks subject matter jurisdiction is void. There is no time limit for attacking a void judgment."[6] Because of these weighty consequences,[7] great caution is warranted to avoid confusing the broad term "jurisdiction" with the specific term "subject matter jurisdiction."[8] "'When a court lacks subject matter jurisdiction in a case, dismissal is the only permissible action the court may take.'"[9]

---

[4] Fontana v. Diocese, 138 Wn. App. 421, 425, 157 P.3d 443 (2007).

[5] In re Marriage of McDermott, 175 Wn. App. 467, 479, 307 P.3d 717 (2013) (quoting Cole v. Harveyland, LLC, 163 Wn. App. 199, 205, 258 P.3d 70 (2011)).

[6] Cole, 163 Wn. App. at 205 (internal citation omitted).

[7] Bour v. Johnson, 80 Wn. App. 643, 646-47, 910 P.2d 548 (1996).

[8] Cole, 163 Wn. App. at 205.

[9] Young v. Clark, 149 Wn.2d 130, 133, 65 P.3d 1192 (2003) (quoting Deschenes v. King County, 83 Wn.2d 714, 716, 521 P.2d 1181 (1974)).

Generally, a court has subject matter jurisdiction if it has authority to adjudicate the type of controversy involved in the action.[10] The "type of controversy" refers to the nature of the case or the relief sought.[11] But an amount-in-controversy limitation may also be a component of subject matter jurisdiction.[12] The parties agree that the district court's amount-in-controversy limitation is a component of subject matter jurisdiction. That limitation is grounded in article IV, section 10 of the Washington Constitution, which states in relevant part:

> Justices of the peace shall have original jurisdiction in cases where the demand or value of the property in controversy is less than three hundred dollars or such greater sum, not to exceed three thousand dollars or as otherwise determined by law, as shall be prescribed by the legislature.

The legislature later renamed justices of the peace as district courts.[13] The legislature currently authorizes district courts to hear civil claims where "the value

---

[10] McDermott, 175 Wn. App. at 480-81 (quoting Shoop v. Kittitas County, 108 Wn. App. 388, 393, 30 P.3d 529 (2001)); see also Cole, 163 Wn. App. at 209 ("The critical concept in determining whether a court has subject matter jurisdiction is the type of controversy.").

[11] Dougherty v. Dep't of Labor & Indus., 150 Wn.2d 310, 316, 76 P.3d 1183 (2003); Magee v. Rite Aid, 167 Wn. App. 60, 73, 277 P.3d 1 (2012).

[12] See generally RESTATEMENT (SECOND) OF JUDGMENTS § 11 cmts. a & e at 108 & 111-12 (AM. LAW INST. 1982) (recognizing that the authority of courts derives from constitutional provisions or from statutory provisions adopted in the exercise of a legislative authority and that courts may have jurisdiction over actions based on a specified amount).

[13] RCW 3.30.015 ("All references to justices of the peace in other titles of the Revised Code of Washington shall be construed as meaning district judges. All references to justice courts or justice of the peace courts in other titles of the Revised Code of Washington shall be construed as meaning district courts.").

of the claim or the amount at issue does not exceed one hundred thousand dollars, exclusive of interest, costs, and attorneys' fees."[14]

Similarly, amount-in-controversy limitations also govern the appellate courts. The Washington Supreme Court may not consider civil claims for the recovery of money or personal property when the "original amount in controversy" is $200 or less (with limited exceptions).[15] Under RCW 2.06.030, the Washington Court of Appeals has a similar amount-in-controversy floor. An appellate court "'must dismiss an appeal when the lack of jurisdiction is apparent because the amount claimed does not reach the statutory amount of $200.'"[16]

One question presented in this appeal is how a court should measure the amount in controversy in a district court matter. Article IV, section 10's reference to "the demand" indicates the amount in controversy is the amount stated in the prayer for relief in the initial complaint.[17] This is consistent with our Supreme Court's holding that the amount-in-controversy floor for appeals under article IV,

---

[14] RCW 3.66.020.

[15] WASH. CONST. art. IV, § 4.

[16] City of Bremerton v. Spears, 134 Wn.2d 141, 150, 949 P.2d 347 (1998) (quoting 1 WASHINGTON STATE BAR ASS'N, APPELLATE PRACTICE DESKBOOK § 9.2(4), at 907 (2d ed. 1993)).

[17] See generally 20 AM. JUR. 2D COURTS § 102 (2015) ("As a general rule, it is the amount or value set forth in the damages clause of the complaint or other initial pleading of the plaintiff which determines whether the court has jurisdiction under provisions restricting jurisdiction on the basis of the amount in controversy.").

section 4 is determined by the initial pleadings, not the amount ultimately requested for judgment or the amount of judgment.[18]

Here, Banowsky's initial complaint expressly demanded damages in excess of $100,000. Because the amount demanded exceeded the constitutionally based amount-in-controversy limitation for district court, the district court lacked subject matter jurisdiction and its only permissible action was dismissal.

Banowsky argues that the $100,000 limit on the district court's subject matter jurisdiction must yield to CRLJ 14A(b), which states, "When *any* party in good faith asserts a claim in an amount in excess of the jurisdiction of the district court or seeks a remedy beyond the jurisdiction of the district court, the district court *shall* order the entire case removed to superior court."[19] Banowsky contends this rule compels the district court to transfer her case to superior court.

On its face, the rule purports to compel a transfer when "any party" asserts a claim beyond the amount-in-controversy limit, which would include the plaintiff's

---

[18] Baker v. Oliver, 37 Wn.2d 862, 864, 226 P.2d 567 (1951) ("the original amount in controversy is to be determined by the averments of the pleadings"); Loveland v. Riley, 142 Wash. 44, 45, 252 P. 154 (1927) ("The amount in controversy as fixed by the Constitution is determined by the averments of the pleadings and not by the demand for judgment."); but see Moore v. Myers, 175 Wash. 234, 235, 27 P.2d 117 (1933) (holding that it is the amount "submitted to the trier of the facts" that determines whether the appellate court has subject matter jurisdiction); but cf. J & J Drilling, Inc. v. Miller, 78 Wn. App. 683, 898 P.2d 364 (1995) (holding that where a counterclaim alleged damages greater than the amount-in-controversy limit in bad faith to escape district court jurisdiction, the court may look to the actual amount litigated and disregard the original allegation of damages in the counterclaim).

[19] (Emphasis added.)

initial complaint.[20] But such an application of CRLJ 14A(b) expressly and absolutely conflicts with CRLJ 12(h)(3), which states that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court *shall* dismiss the action."[21]

Banowsky cites no authority supporting her premise that a court rule may carve out an exception to the district court subject matter jurisdiction amount-in-controversy ceiling. "The civil rules are 'procedural rules applicable only after the commencement of any action.'"[22] They "do not purport to extend subject matter jurisdiction of the court."[23] Therefore, a court rule may only provide relief in circumstances that arise after the district court acquires subject matter jurisdiction; that is, when the original complaint invokes jurisdiction within the amount-in-controversy limitation. The constitutionally grounded amount-in-controversy limitation on subject matter jurisdiction cannot be eliminated or altered by means of a court rule. For this reason, the district court is prohibited from transferring a case to superior court under CRLJ 14A(b) where the original complaint demanded damages in excess of the court's amount-in-controversy limitation.

---

[20] Because there is no ambiguity in the language of CRLJ 14A(b), we do not look to the rule's comments for further clarification.

[21] (Emphasis added.)

[22] Patrick v. DeYoung, 45 Wn. App. 103, 107-08, 724 P.2d 1064 (1986) (quoting Tarabochia v. Gig Harbor, 28 Wn. App. 119, 123, 622 P.2d 1283 (1981)).

[23] Diehl v. Growth Mgmt. Hearings Bd., 153 Wn.2d 207, 216, 103 P.3d 193 (2004); CRLJ 82 ("These rules shall not be construed to extend or limit the jurisdiction of the courts of limited jurisdiction or the venue of actions therein.").

Public policy also favors this result. The clear policy of our state constitution is that the superior court is the court of almost "universal" subject matter jurisdiction.[24] The other Washington trial courts necessarily have limited jurisdiction. It would greatly undercut that intentional divide to allow a plaintiff to ignore the district court amount-in-controversy limitation and force a transfer even though she demanded an amount over the district court limit.

In her reply at the trial court level, Banowsky requested, alternatively, that the district court allow her to amend her complaint to seek damages of $100,000 or less, or to allow her to proceed in district court without amending her complaint and simply limit the recoverable damages to $100,000. But a midstream request to amend the amount requested or limit damages to comply with the ceiling must fail. The amount-in-controversy limitation is part of the district court's constitutionally-grounded subject matter jurisdiction. Banowsky alleges a single claim greater than $100,000. The court cannot not split that claim to retain subject matter jurisdiction over the first $100,000 and ignore the excess.[25] Allowing subject matter jurisdiction to be manipulated in this way would erode material

---

[24] See Ralph v. State Dep't of Nat. Res., 182 Wn.2d 242, 252, 343 P.3d 342, 347 (2014) (article IV, section 6 gives "to the superior courts 'universal original jurisdiction, leaving the legislature to carve out from that jurisdiction the jurisdiction of . . . any other inferior courts that may be created'") (alteration in original) (quoting Moore v. Perrot, 2 Wash. 1, 4, 25 P. 906 (1891)); WASH. CONST. art. IV, § 10 (the courts of limited jurisdiction "shall not trench upon" the near universal subject matter jurisdiction of the superior courts).

[25] But cf. Rasmussen v. Chase, 44 Wn. App. 71, 720 P.2d 860 (1986) (two separate cases, each within the amount-in-controversy limit, consolidated because they represented one cause of action; trial court did not err in limiting the amount of recovery).

differences between the superior courts and the district courts and open the door to potential abuse. Where the entire claim exceeds the amount-in-controversy limit, the district court does not have subject matter jurisdiction and is required to dismiss the case.

Although Banowsky agrees that the amount in controversy is a component of the district court's subject matter jurisdiction, she also contends that the amount in controversy is only a limit on the amount of judgment. Banowsky cites Silver Surprize, Inc. v. Sunshine Mining Co. for the proposition that a plaintiff who seeks more than the law permits does not destroy jurisdiction but only limits her effective relief.[26] But that statement was dicta unrelated to the specific facts of that case and lacked any citation to Washington authority.[27] And, as discussed, such an option is not available; when the court lacks subject matter jurisdiction, it must dismiss. Fundamental policy concerns weigh against such a blurred and meandering dividing line between district court and superior court subject matter jurisdiction.[28]

Given the volume of claims litigated in district court, a bright line rule is apt.[29] If a plaintiff initiates a lawsuit by filing a complaint that expressly demands

---

[26] 74 Wn.2d 519, 445 P.2d 334 (1968).

[27] Id. at 523.

[28] See Baker, 37 Wn.2d at 864; Loveland, 142 Wash. at 45.

[29] See, e.g., Kittitas County v. Allphin, ___ Wn.2d ___, 416 P.3d 1232, 1247 (2018) ("A bright-line rule would also give due regard for the importance of maintaining predictability."); State v. Pizzuto, 55 Wn. App. 421, 434-35, 778 P.2d 42 (1989) ("Our Supreme Court has recognized the significant utility of bright line rules" and "[a]doption of something less than a bright line rule . . . would only result in uncertainty . . . and greater numbers of cases for the courts.").

damages greater than the district court's amount-in-controversy limitation, the district court has no option but to dismiss the case for lack of subject matter jurisdiction.

Contrary to Banowsky's arguments, our holding will not render CRLJ 14A(b) meaningless. Where a plaintiff properly invokes the subject matter jurisdiction of the district court by demanding relief that is within the amount-in-controversy limit of the court, CRLJ 14A(b) can afterward be applied to direct a transfer of the case to superior court. For example, a plaintiff may later seek to remove the case to superior court on the good faith belief that although her damages initially were below the limit, they now appear to exceed the subject matter jurisdiction of the district court. Or the rule may be applied where a plaintiff, through third-party practice, recognizes the need to assert a claim against a new party that exceeds the subject matter jurisdiction dollar limit.[30] Additionally, cross claims and counterclaims that exceed the amount-in-controversy limit would also be subject to CRLJ 14A(b). In each of these scenarios, the district court has subject matter jurisdiction when the lawsuit is commenced and still retains subject matter jurisdiction when asked to apply the transfer provision of CRLJ 14A(b).

Banowsky argues that CRLJ 14A(b) is a specific rule that supersedes the more general rule in CRLJ 12(h)(3).[31] But this contextual maxim of statutory

---

[30] 4B KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE CRLJ 14A (7th ed. 2008).

[31] See generally Kustura v. Dep't of Labor & Indus., 169 Wn.2d 81, 88, 233 P.3d 853 (2010) ("'A specific statute will supersede a general one when both apply.'") (quoting Waste Mgmt. of Seattle, Inc. v. Utils. & Transp. Comm'n, 123 Wn.2d 621, 630, 869 P.2d 1034 (1994)).

interpretation is not applicable here. The lack of subject matter jurisdiction is an absolute bar to any action by a court when a claimant attempts to invoke the jurisdiction of that court by filing an initial complaint that exceeds the constitutionally based amount-in-controversy limitation. Similarly, Banowsky's argument that the court rules at issue may supersede legislative procedural statutes applicable to the district courts is also not persuasive because the district court's amount-in-controversy limitation is grounded in the Constitution, not merely in a statute.

Banowsky also argues that under City of Seattle v. Sisley, if a plaintiff asserts a claim in excess of the district court's jurisdiction, the proper procedure is to transfer the case to superior court.[32] But Sisley held that a municipal court exercising its exclusive jurisdiction to to hear municipal court violations is not subject to the district court amount-in-controversy limitations. The passing reference to CRLJ 14A was dicta.[33] Sisley is not controlling.

Banowsky argues that Howlett v. Weslo, Inc., is not controlling.[34] To the extent that Howlett was decided before the current version of CRLJ 14A(b) was amended,[35] we agree that it does not control the issue presented in this case. Although we do not rely on Howlett in our analysis, that court's observation that a

---

[32] 164 Wn. App. 261, 263 P.3d 610 (2011).

[33] Id. at 265-67.

[34] 90 Wn. App. 365, 951 P.2d 831 (1998).

[35] Before its revision in 2004, CRLJ 14A(b) only allowed a "defendant, third party defendant, or cross claimant" to seek removal to superior court, not "any party" as the rule now stands.

case must be dismissed when it exceeds the court's subject matter jurisdiction is entirely consistent with our decision here.[36]

CONCLUSION

Because Banowsky invoked the jurisdiction of the district court by filing a complaint expressly seeking damages in an amount exceeding the amount-in-controversy ceiling, the lack of subject matter jurisdiction compelled dismissal of the action. CRLJ 14A(b) does not alter the result.

We affirm.

WE CONCUR:

_____

_____

Becker, J.

_____
Spearman, J.

---

[36] See Howlett, 90 Wn. App. at 368.