GORDON McCLOUD, J.
*727 ¶1 Washington's superior courts are courts of general jurisdiction-most claims, on most subjects, valued at most any amount, can be decided there. Washington's district courts are courts of limited jurisdiction-only a subset of claims, on a subset of subjects, with $100,000 or less in controversy for civil cases, can be decided there.
¶2 Teresa Banowsky filed her claim for medical malpractice in district court on the last day of the statute of limitations. She sought over $100,000. District courts can exercise jurisdiction over medical malpractice claims, but they cannot exercise jurisdiction over claims seeking over $100,000. CRLJ 14A(b), however, directs district courts to "remove[ ]," or transfer, a case to superior court when "any party" "asserts a claim in an amount in excess of the jurisdiction of the district court or seeks a remedy beyond the jurisdiction of the district court." This case is about the meaning and validity of that rule.
¶3 We hold that CRLJ 14A(b) validly and unambiguously required the district court to transfer Banowsky's case to superior court. We therefore reverse the decision of the Court of Appeals.
I. FACTUAL AND PROCEDURAL BACKGROUND
A. Proceedings in District Court
¶4 On the final day of the statute of limitations, Banowsky, acting pro se, filed a medical malpractice claim against her chiropractor, Guy Backstrom, in King County *728 District Court. Clerk's Papers (CP) at 105-07. Banowsky sought "actual compensatory damages in an amount exceeding $100,000.00, together with attorney's fees, court costs, and whatever other damages deemed appropriate by the Court." Id. at 107.
¶5 A month and a half later, an attorney appeared on Banowsky's behalf and moved to transfer the case to superior court. Id. at 101, 95-96. Through counsel, Banowsky alleged that she had been unaware of the $100,000 "limitation of damages in District Court." Id. at 95. She argued that "[b]ecause the error was made in good faith, [the] case *546 should be transferred to Superior Court pursuant to Rule CRLJ 14A(b)." Id. at 96.
¶6 CRLJ 14A(b) states, "When any party in good faith asserts a claim in an amount in excess of the jurisdiction of the district court or seeks a remedy beyond the jurisdiction of the district court, the district court shall order the entire case removed to superior court."
¶7 Backstrom opposed transfer. Id. at 45-52. He did not dispute Banowsky's good faith. Instead, he argued that "the District Court has no authority to grant Plaintiff's motion and enter an Order of Transfer because it lacks subject matter jurisdiction over this claim." Id. at 47.
¶8 To explain CRLJ 14A(b) 's function, Backstrom pointed to the drafters' comment to the proposal that amended the rule into its current form. The comment states in part:
Plaintiffs can file in the district court knowing that if a basis for claiming damages in excess of the jurisdictional limit of the district court should arise after they have filed their complaint, then they will have the opportunity to transfer their case to the superior court.
Proposed amendment to CRLJ 14A(b), 150 Wn.2d Proposed-13 (Official Advance Sheet No. 7, Jan. 6, 2004). On the basis of that comment, Backstrom concluded that "if ... Plaintiff believed her damages were $50,000 at the time of *729 filing, but later learned they were much more, CRLJ 14A would allow her to remove the claim to Superior Court to seek damages in excess of the jurisdictional limit." CP at 51. But because Banowsky's claim exceeded the jurisdictional limit from the start, Backstrom urged the court to dismiss. Id. at 52.
¶9 Banowsky countered that CRLJ 14A(b) 's history was immaterial to its interpretation given the lack of any ambiguity in its text, and the text required "remov[al]" or transfer. Id. at 31-32. She continued that CRLJ 14A(b) 's history really supported her position, not Backstrom's. She pointed out that the comment on which Backstrom relied actually referenced a prior version of the drafters' proposed amendment to the rule. Id .; see Bd. for Judicial Admin., Meeting Minutes (Jan. 24, 2003) at 3 [https://perma.cc/7VMW-FV3C]. The drafters did not update the comment when they formally submitted a different version of the proposed amendment-the one that ultimately became CRLJ 14A(b) as it exists today-to this court.
¶10 Following briefing on those matters, the district court heard argument, denied Banowsky's motion, and dismissed the case.[1] CP at 25-26, 121-37.
B. Proceedings in Superior Court
¶11 Banowsky appealed, renewing the same arguments. Id. at 111-20. Likewise, Backstrom reiterated his previous arguments. Id. at 146-67. But Backstrom cited an additional source of authority in support of those arguments: CRLJ 12(h)(3). That rule states, "Whenever it appears ... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."
¶12 The superior court heard argument and affirmed the district court's dismissal. Verbatim Report of Proceedings (VRP) at 1-19; CP at 170-71.
*730 C. Proceedings in the Court of Appeals
¶13 Banowsky moved the Court of Appeals for discretionary review. That court granted limited review "to address the issues raised by CRLJ 14A(b) and its relationship with other rules and statutes, including CRLJ 12(h)(3) and CRLJ 82." Notation Ruling, No. 76360-1-1, at 3 (Wash. Ct. App. May 31, 2017).
¶14 The Court of Appeals then affirmed. Banowsky v. Backstrom , 4 Wash. App. 2d 338, 421 P.3d 1030 (2018). That court emphasized that the Washington Constitution gives the legislature responsibility for determining the jurisdiction of district courts and that the legislature has confined that jurisdiction to claims seeking $100,000 or less. Id. at 344-46, 421 P.3d 1030. It explained, "Because the amount demanded exceeded the constitutionally *547 based amount-in-controversy limitation for district court, the district court lacked subject matter jurisdiction and its only permissible action was dismissal." Id. at 346, 421 P.3d 1030. In that court's view, the opposite conclusion "would greatly undercut the [constitution's] intentional divide [between district courts and superior courts] to allow a plaintiff to ignore the district court amount-in-controversy limitation and force a transfer even though she demanded an amount over the district court limit." Id. at 347, 421 P.3d 1030.
¶15 But the Court of Appeals nonetheless reconciled CRLJ 14A(b) and CRLJ 12(h)(3) to sometimes give effect to CRLJ 14A(b) and sometimes permit transfer. "Where a plaintiff properly invokes the subject matter jurisdiction of the district court by demanding relief that is within the amount-in-controversy limit of the court, CRLJ 14A(b) can afterward be applied to direct a transfer of the case to superior court. For example, a plaintiff may later seek to remove the case to superior court on the good faith belief that although her damages initially were below the limit, they now appear to exceed the subject matter jurisdiction of the district court." Id. at 349, 421 P.3d 1030. Thus, the Court of Appeals adopted Backstrom's interpretation of the rule.
*731 ¶16 We granted review. Banowsky v. Backstrom, 192 Wash.2d 1001, 430 P.3d 255 (2018).
II. DISCUSSION
A. Standard of Review
¶17 This case involves issues of subject matter jurisdiction, rule interpretation, and constitutional interpretation. We review each of these legal issues de novo.[2]
B. We Assume That the District Court Lacked Subject Matter Jurisdiction over Banowsky's Claim
¶18 " 'Subject matter jurisdiction' refers to a court's ability to entertain a type of case ...." In re Marriage of Buecking, 179 Wash.2d 438, 448, 316 P.3d 999 (2013) (citing ZDI Gaming, Inc. v. Wash. State Gambling Comm'n, 173 Wash.2d 608, 618, 268 P.3d 929 (2012) ). It "is the power of a court to hear and determine a case." State v. Lane, 112 Wash.2d 464, 468, 771 P.2d 1150 (1989) (citing State v. Hampson, 9 Wash.2d 278, 281, 114 P.2d 992 (1941) ; 20 AM. JUR. 2D Courts § 88, at 449 (1965) ). "A tribunal lacks subject matter jurisdiction when it attempts to decide a type of controversy over which it has no authority to adjudicate." Marley v. Dep't of Labor & Indus., 125 Wash.2d 533, 539, 886 P.2d 189 (1994). "A lack of subject matter jurisdiction implies that [the tribunal] has no authority to decide the claim at all, let alone order a particular kind of relief." Id.
¶19 Backstrom argues that the district court lacked subject matter jurisdiction over Banowsky's claim. He relies on article IV, section 10 of the Washington Constitution, which provides that "[t]he legislature ... shall prescribe by law the powers, duties and jurisdiction [of the district *732 courts]."[3] Under this provision, the legislature has "sole authority to determine the jurisdiction and powers of the district court." State v. Hastings , 115 Wash.2d 42, 49, 793 P.2d 956 (1990) ; see also Young v. Konz , 91 Wash.2d 532, 542, 588 P.2d 1360 (1979) (stating that "the people, through our constitution, have ... authorized only the legislature ... to prescribe the powers, duties and jurisdiction of [district] courts"). To that end, the legislature enacted RCW 3.66.020. That statute states that "the district court shall have jurisdiction and cognizance" of certain types of civil actions-of which Banowsky's medical malpractice claim is one-but only "[i]f, for *548 each claimant, the value of the claim or the amount at issue does not exceed one hundred thousand dollars." Banowsky's claim sought more than $100,000.
¶20 The parties therefore acknowledge that the district court lacked jurisdiction over her case. Because our analysis does not turn on the existence of subject matter jurisdiction, we assume without deciding that they are correct.
C. CRLJ 14A(b) Required the District Court To Transfer the Case to Superior Court Even If the District Court Lacked Subject Matter Jurisdiction
¶21 Even assuming that the district court lacked subject matter jurisdiction, the district court still had the power-and the obligation-under CRLJ 14A(b) to transfer the case to superior court. That is because CRLJ 14A(b), not CRLJ 12(h)(3), applies, and CRLJ 14A(b) is a constitutionally valid procedural rule that abrogates' the common-law rule of dismissal in this situation.
*733 1. The Common Law Requires Dismissal of a Claim over Which a Court Lacks Subject Matter Jurisdiction, but This Court Has Recognized an Exception to the Common-Law Rule
¶22 Washington courts generally follow the common-law rule "that a court lacking jurisdiction of any matter may do nothing other than enter an order of dismissal." Deschenes v. King County, 83 Wash.2d 714, 716, 521 P.2d 1181 (1974) (citing 21 C.J.S. Courts § 118 (1940) ), overruled in part by Clark County Pub. Util. Dist. No. 1 v. Wilkinson, 139 Wash.2d 840, 848 n.8, 991 P.2d 1161 (2000). This court has repeated this "well known and universally respected" rule several times. Id .; see Ralph v. Dep't of Nat. Res., 182 Wash.2d 242, 255 n.4, 343 P.3d 342 (2014) ; Young v. Clark, 149 Wash.2d 130, 133, 65 P.3d 1192 (2003) ; Shoop v. Kittitas County, 149 Wash.2d 29, 35, 65 P.3d 1194 (2003) ; Crosby v. County of Spokane, 137 Wash.2d 296, 301, 971 P.2d 32 (1999) ; In re Adoption of Buehl, 87 Wash.2d 649, 655, 555 P.2d 1334 (1976). And as Backstrom points out, if the district court lacked subject matter jurisdiction, this rule would support the district court's dismissal below.
¶23 But we recognized an exception to this common-law rule in In re Personal Restraint of Johnson, 131 Wash.2d 558, 933 P.2d 1019 (1997). Johnson concerned the subject matter jurisdiction of the Court of Appeals, which, like the subject matter jurisdiction of the district court, is set by statute. Id. at 565-66, 933 P.2d 1019 ; WASH. CONST. art. IV, §§ 10, 30 ; RCW 2.06.030. The question in Johnson was whether the Court of Appeals had jurisdiction to resolve the merits of certain personal restraint petitions. 131 Wash.2d at 565-66, 933 P.2d 1019. We held that one statute divested the Court of Appeals of subject matter jurisdiction over the petitions at issue. Id. at 566, 933 P.2d 1019 (interpreting RCW 10.73.140). But we recognized that another statute gave the Court of Appeals the power to transfer the petitions over which it lacked subject matter jurisdiction to our court. Id. That second statute stated, " 'No case, appeal, *734 or petition for a writ filed in the supreme court or the [Court of Appeals] shall be dismissed for the reason that it was not filed in the proper court, but it shall be transferred to the proper court.' " Id. (alteration in original) (quoting RCW 2.06.030 ). Thus, by legislative design, a court lacking the power to hear and determine a case nonetheless had the power to transfer that case to the appropriate court.
¶24 We reaffirmed that holding in In re Personal Restraint of Perkins, 143 Wash.2d 261, 19 P.3d 1027 (2001). As in Johnson, the nondismissal statute, RCW 2.06.030, operated to prevent dismissal, even though the Court of Appeals lacked subject matter jurisdiction. Id. at 266, 19 P.3d 1027. We observed:
Clearly [petitioner] could have filed his [personal restraint petition] directly in the Supreme Court at his election. Had he done so we could not have transferred the petition to the Court of Appeals pursuant to RAP 16.5 because we have jurisdiction in this matter whereas the Court of Appeals does not. Thus, [petitioner's] problem arises because he initially filed his [petition] in the Court of Appeals rather than in the Supreme Court. Is this fatal?
*549 We think not because RCW 2.06.030 explicitly requires the case ... shall be transferred to the proper court.
Id. This court continues to adhere to that holding. See, e.g., In re Pers. Restraint of Bell, 187 Wash.2d 558, 562, 387 P.3d 719 (2017) (per curiam); In re Pers. Restraint of Adolph, 170 Wash.2d 556, 564, 243 P.3d 540 (2010) ; In re Pers. Restraint of Fawcett, 147 Wash.2d 298, 301, 53 P.3d 972 (2002).
¶25 Johnson and Perkins guide the outcome of this case. Although the district court may have lacked the power to hear and determine Banowsky's claim under RCW 3.66.020, it did not necessarily lack the power to transfer the case.[4] Following Johnson and Perkins, the district court should have first considered whether another enactment *735 gave it power to transfer and, if so, whether that enactment required the court to exercise that power. See Bell, 187 Wash.2d at 562, 387 P.3d 719 ("We have previously determined that [the jurisdictional statute] cannot be applied in isolation." (citing Perkins, 143 Wash.2d at 266, 19 P.3d 1027 )).
2. The Exception to the Common-Law Rule Applies and Requires Transfer
¶26 Such an enactment exists. As explained below, CRLJ 14A(b) provided the district court with the power to transfer a case and, according to its plain terms, required the district court to transfer this case.
a. CRLJ 14A(b) Applies and Requires Transfer
¶27 "Court rules are interpreted in the same manner as statutes and are construed in accord with their purpose." Bus. Servs. of Am. II, Inc. v. WaferTech, LLC, 174 Wash.2d 304, 307, 274 P.3d 1025 (2012) (citing State v. Wittenbarger, 124 Wash.2d 467, 484, 880 P.2d 517 (1994) ). "The starting point is thus the rule's plain language and ordinary meaning." Id. (citing State v. J.P., 149 Wash.2d 444, 450, 69 P.3d 318 (2003) ). We conclude that neither CRLJ 14A(b) nor CRLJ 12(h)(3) is ambiguous, but that CRLJ 14A(b) applies in cases such as this one when a party filed a claim on a subject within the district court's jurisdiction but sought damages in excess of that jurisdiction.
i. CRLJ 14A(b) Appears To Apply-and Would Require Transfer
¶28 CRLJ 14A(b) states, "When any party in good faith asserts a claim in an amount in excess of the jurisdiction of the district court or seeks a remedy beyond the jurisdiction of the district court, the district court shall order the entire case removed to superior court."
¶29 The rule plainly applies to this case. Banowsky, the plaintiff, is "any party." By seeking "damages in an amount exceeding $100,000.00," she asserted a claim in excess of *736 the district court's jurisdiction. CP at 107; RCW 3.66.020. Backstrom has not contested Banowsky's good faith.
¶30 Banowsky has therefore satisfied all of the rule's conditions, thereby triggering its result: "the district court shall order the entire case removed to superior court." CRLJ 14A(b) (emphasis added). That language is mandatory. Snohomish County v. Thorp Meats, 110 Wash.2d 163, 168-69, 750 P.2d 1251 (1988) ; Wallace v. Evans, 131 Wash.2d 572, 576, 934 P.2d 662 (1997).[5]
*550 ii. CRLJ 12(h)(3) Appears To Apply-and Would Require Dismissal
¶31 But CRLJ 12(h)(3) also bears on Banowsky's claim. It states, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."
¶32 Assuming that the district court completely lacked subject matter jurisdiction, this rule also applies. As a result, "the court shall dismiss the action." CRLJ 12(h)(3) (emphasis added). As with CRLJ 14A(b), that language is mandatory. CRLJ 12(h)(3) therefore seems to require dismissal while CRLJ 14A(b) seems to require transfer.
¶33 But the district court cannot both dismiss and transfer the same case. We must resolve the apparent conflict.
iii. Only CRLJ 14A(b) Applies in This Case
¶34 We conclude that CRLJ 14A(b), not CRLJ 12(h)(3), applies in this case for two reasons.
*737 ¶35 First, CRLJ 14A(b) is the more recently amended rule, and its substantive amendment bears directly on the issue presently before the court. See Bailey v. Allstate Ins. Co., 73 Wash. App. 442, 446 n.3, 869 P.2d 1110 (1994) (describing that interpretive rule). CRLJ 14A(b) was amended in 2004 to expand its reach to "any party" like Banowsky. Order No. 25700-A-792 (Wash. July 8, 2004). CRLJ 12(h)(3), however, was last amended in 1984. CRLJ 12 at 101 Wn.2d 1172-77 (1984). As a result, application of CRLJ 14A(b) better reflects this court's intent.
¶36 Second, application of CRLJ 14A(b) is more consistent with the principles underlying the rules. CRLJ 1 tells us to interpret the rules "to secure the just, speedy, and inexpensive determination of every action." See also RCW 2.04.190 (expressing the legislature's desire for rules that "promote the speedy determination of litigation on the merits"); cf. Curtis Lumber Co. v. Sortor, 83 Wash.2d 764, 767, 522 P.2d 822 (1974) (observing that "the basic purpose of the new rules of civil procedure [for superior court] is to eliminate or at least minimize technical miscarriages of justice inherent in archaic procedural concepts"). Transferring the case to superior court under CRLJ 14A(b) would move the dispute to the proper forum for a determination on the merits; applying CRLJ 12(h)(3) would completely preclude a determination on the merits.
b. Backstrom's Argument that the Court Rules Do Not Apply When the Court Lacks Subject Matter Jurisdiction Fails
¶37 Backstrom contends that CRLJ 14A(b) cannot provide power to transfer because court rules do not apply when a court lacks subject matter jurisdiction. Resp't's Answer to Pet. for Review at 11-12. He relies on Diehl v. Western Washington Growth Management Hearings Board for the proposition that "[s]uperior court civil rules are procedural rules, applicable only after the commencement of an action, and thus do not purport to extend subject *738 matter jurisdiction of the court." 153 Wash.2d 207, 216, 103 P.3d 193 (2004) (citing Vasquez v. Dep't of Labor & Indus., 44 Wash. App. 379, 383, 722 P.2d 854 (1986) ). Backstrom thus reasons that application of a procedural rule such as CRLJ 14A(b) is inappropriate when a court lacks subject matter jurisdiction. Resp't's Answer to Pet. for Review at 11-12.
¶38 Backstrom is correct that CRLJ 14A(b) does not extend the subject matter jurisdiction of the district court. WASH. CONST. art. IV, § 10 ; CRLJ 82 ; accord City of Seattle v. Hesler, 98 Wash.2d 73, 79, 653 P.2d 631 (1982). But it does not follow that the district court operates totally without rules when a party has filed a claim over which the court lacks subject matter jurisdiction.
¶39 This is clear from the well-accepted rule that a court generally has jurisdiction to determine its own jurisdiction. Johnson, 131 Wash.2d at 566 n.3, 933 P.2d 1019 (citing Stikes Woods Neigh. Ass'n v. City of Lacey, 124 Wash.2d 459, 465, 880 P.2d 25 (1994) ). Sometimes that determination requires resolution of a difficult issue. But the court's rules unquestionably apply to that process. Moreover, if court rules did not apply unless a court had subject matter jurisdiction *551 over the claim, a district court could not even apply CRLJ 12(h)(3) in cases such as this one, despite Backstrom's asserting that that is exactly what a district court should do.
¶40 Backstrom's position is also at odds with Stikes Woods, 124 Wash.2d 459, 880 P.2d 25. In that case, this court resolved a conflict between a statute and a court rule about how to compute a limitations period. Id. at 462, 880 P.2d 25. We held that the court rule trumped the statute. Id. at 463, 880 P.2d 25. In response to a concern that application of the court rule would inappropriately extend the subject matter jurisdiction of the court, we noted that "[t]his court ... has jurisdiction to determine the procedures which govern its own jurisdiction." Id. at 465, 880 P.2d 25. That is, we rejected the view that court rules apply only *739 after the court has definitively acquired subject matter jurisdiction.[6]
¶41 Diehl does not stand for a contrary rule. 153 Wash.2d 207, 103 P.3d 193. In that case, this court resolved a conflict between lenient Administrative Procedure Act (APA)[7] service-of-process requirements and more stringent civil rule service-of-process requirements. Id. at 213, 103 P.3d 193. The petitioner in that case filed an appeal of an agency decision in superior court. Id. at 209-10, 103 P.3d 193. Both RCW 34.05.542 and CR 4 appeared to establish service requirements that had to be satisfied to invoke the appellate jurisdiction of the superior court. Id. at 217, 103 P.3d 193. Given that the Civil Rules generally govern matters within a superior court's original jurisdiction and that RCW 34.05.542 set forth specific requirements for appeals, which are part of the superior court's appellate jurisdiction, this court concluded that the statute prevailed over the court rule. Id. at 216-17, 103 P.3d 193.
¶42 But Diehl 's conclusion was based on the fact that the APA had specific requirements for appeals of agency decisions, that such appeals fall outside the original jurisdiction of superior courts, and hence those APA-specific rules must control over more stringent civil rules to the contrary. 153 Wash.2d at 213-16, 103 P.3d 193 ; see Residents Opposed to Kittitas Turbines v. State Energy Facility Site Evaluation Council, 165 Wash.2d 275, 294-95, 197 P.3d 1153 (2008) (describing the superior court's appellate jurisdiction). That holding furthered the legislature's directive to "eliminate[ ] many of the formalities associated with the initiation of an action in superior court and instead ... allow pro se litigants to seek judicial review without the need to hire an attorney or process server." Diehl, 153 Wash.2d at 215, 103 P.3d 193. In other words, Diehl's holding had nothing to do with whether one district court *740 rule, particularly one that has more stringent procedural requirements and more dire consequences for the unwary, controls over another.
¶43 We therefore hold that court rules apply to cases even when it is not yet certain that the court has subject matter jurisdiction due to the amount in controversy.
3. Applying CRLJ 14A(b) Is Constitutional
¶44 Backstrom next asserts that applying CRLJ 14A(b) to this case would violate the state constitution. First, Backstrom argues that applying CRLJ 14A(b) would violate article IV, section 10 of the Washington Constitution. As noted, that provision of the constitution gives the legislature, not this court, the sole authority to prescribe the powers, duties, and jurisdiction of district courts. Hastings , 115 Wash.2d at 49, 793 P.2d 956 ; Young , 91 Wash.2d at 542, 588 P.2d 1360. Second, Backstrom argues that applying CRLJ 14A(b) would undermine article IV's division of authority between the superior courts and the district courts.
¶45 Both arguments fail.
a. Applying CRLJ 14A(b) Does Not Usurp the Legislature's Authority To Prescribe the Powers, Duties, and Jurisdiction of the District Courts
¶46 Backstrom, like the Court of Appeals, asserts that applying CRLJ 14A(b)
*552 to this case would constitute an impermissible judicial encroachment on the legislature's authority. Resp't's Suppl. Br. at 6-11; Banowsky, 4 Wash. App. 2d at 346-47, 421 P.3d 1030. We disagree.
¶47 "The inherent power of article IV includes the power to govern court procedures." City of Fircrest v. Jensen , 158 Wash.2d 384, 394, 143 P.3d 776 (2006) (plurality opinion); id. at 400, 143 P.3d 776 (Owens, J., concurring). This court exercises that power in part by promulgating rules, like the CRLJs. See generally GR 9.
*741 ¶48 Our rules have the force of law. "If a statute appears to conflict with a court rule, this court will first attempt to harmonize them and give effect to both, but if they cannot be harmonized, the court rule will prevail in procedural matters and the statute will prevail in substantive matters." Putman v. Wenatchee Valley Med. Ctr., PS, 166 Wash.2d 974, 980, 216 P.3d 374 (2009) (citing Jensen, 158 Wash.2d at 394, 143 P.3d 776 ).
¶49 CRLJ 14A(b) is unquestionably a procedural rule. By providing for transfer of a case from one court to another, the rule "pertain[s] to the essentially mechanical operations of the courts by which substantive law, rights, and remedies are effectuated." State v. Smith, 84 Wash.2d 498, 501, 527 P.2d 674 (1974) (citing State v. Pavelich, 153 Wash. 379, 279 P. 1102 (1929) ; In re Fla. Rules of Criminal Procedure, 272 So. 2d 65 (Fla. 1972) (per curiam)); see also CRLJ 1 (stating that rules govern procedure); CRLJ 81(b) (providing that rules supersede procedural statutes).[8] Accordingly, this court had authority to adopt CRLJ 14A(b), and that rule has the force of law.
¶50 Although Backstrom agrees that CRLJ 14A(b) is procedural, he contends that applying it in this case would violate the state constitution. Resp't's Answer to Pet. for Review at 11-12. He reasons that article IV, section 10 allocates jurisdiction-setting responsibility to the legislature so only the legislature can authorize transfer when the district court lacks subject matter jurisdiction. Thus, in his view, a statute could authorize transfer, but a court rule cannot. On that basis, he distinguishes Johnson and Perkins.
¶51 We disagree. Our power to establish procedural rules governing the judicial branch of government is well *742 established in our precedent and well grounded in our constitutional authority. Moreover, by removing a case from district court when that court lacks jurisdiction, CRLJ 14A(b) respects the jurisdictional lines that the legislature has drawn in RCW 3.66.020 and in no way " 'invades the prerogatives' " of the legislature. Jensen, 158 Wash.2d at 394, 143 P.3d 776 (internal quotation marks omitted) (quoting State v. Moreno, 147 Wash.2d 500, 505-06, 58 P.3d 265 (2002) ).
¶52 But even if we were to agree with Backstrom's premise that the legislature must authorize transfer, we would not agree with his conclusion. The legislature has endorsed this court's promulgation of rules regulating the practice and procedure of state courts, including district courts. RCW 2.04.190, .200.
¶53 RCW 2.04.190 states that this court "shall have the power ... generally to regulate and prescribe by rule ... the kind and character of the entire pleading, practice and procedure to be used in all suits, actions, appeals and proceedings of whatever nature by the supreme court, superior courts, and district courts of the state." Additionally, the legislature expressed the view that we exercise power to give "regard to the simplification of the system of pleading, practice and procedure in said courts to promote the speedy determination of litigation on the merits." Id.
¶54 Another statute, RCW 2.04.200, reinforces the legislature's intent to defer to this court's control of practice and procedure in state courts. RCW 2.04.200 provides that "all *553 laws in conflict [with the rules that this court promulgates] shall be and become of no further force or effect."
¶55 In enacting those statutes, "[t]he legislature recognized that rules of court to promote justice[ ] should be in the hands of that department of government which, in addition to being always in session and unhindered by the delays and influences besetting legislative enactments, is likewise qualified, through actual experience, to formulate salutary rules ...." State ex rel. Foster-Wyman Lumber Co. v. Superior Court, 148 Wash. 1, 8, 267 P. 770 (1928). Thus, *743 the legislature has spoken, and CRLJ 14A(b) exists against the backdrop of the legislature's endorsement. It is a procedural rule that does not extend the district court's subject matter jurisdiction, and its application does not offend article IV, section 10. See Hesler, 98 Wash.2d at 78, 653 P.2d 631 (holding that this court's creation of rules for appeals from district courts does not "invade[ ] the Legislature's authority to define the 'jurisdiction, duties and powers' of inferior courts").
b. Applying CRLJ 14A(b) Does Not Undermine Article IV's Division of Authority between Superior Courts and District Courts
¶56 Backstrom adopts the Court of Appeals' view that applying CRLJ 14A(b) would upset article IV's allocation of judicial authority. The Court of Appeals stated:
The clear policy of our state constitution is that the superior court is the court of almost "universal" subject matter jurisdiction. The other Washington trial courts necessarily have limited jurisdiction. It would greatly undercut that intentional divide to allow a plaintiff to ignore the district court amount-in-controversy limitation and force a transfer even though she demanded an amount over the district court limit.
4 Wash. App. 2d at 347, 421 P.3d 1030 (footnote omitted).
¶57 To be sure, the constitution creates different roles for district courts and superior courts. And article IV, section 10 provides that the jurisdiction of the district courts "shall not trench upon the jurisdiction of superior ... courts."
¶58 But CRLJ 14A(b) supports, not undermines, that constitutional scheme. When the district court applies CRLJ 14A(b), it in no way "hear[s] and determine[s]" the case. Lane, 112 Wash.2d at 468, 771 P.2d 1150. The district court makes no rulings; it merely transfers the case to the superior court. Transferring, rather than dismissing, recognizes the superior jurisdiction of the superior court and places the dispute *744 before the correct tribunal. This is important when a plaintiff such as Banowsky makes the mistake of filing her complaint on the floor of the courthouse where the district court clerk is located instead of the floor where the superior court clerk is located.
¶59 We took this commonsense approach before, at the time of statehood. Washington's new constitution mandated that the dying territorial courts transfer all their cases to the newborn state courts:
All actions at law and suits in equity which may be pending in any of the courts of the Territory of Washington, at the time of the change from a territorial to a state government, shall be continued, and transferred to the court of the state having jurisdiction of the subject matter thereof.
WASH. CONST. art. XXVII, § 5.
¶60 In one case, however, the territorial justice of the peace made a decision on November 18, 1889, the day on which the court died and its cases were all "continued" to the new justice of the peace courts. Moore v. Perrot, 2 Wash. 1, 2-3, 25 P. 906 (1891). The problem was that the old territorial justice of the peace had jurisdiction over matters up to $300; the new state justice of the peace had jurisdiction over matters up to $100. See WASH. CONST. art. IV, § 6 (orig. text); Moore, 2 Wash. at 4-5, 25 P. 906. The judgment in the case was $240, "the full amount demanded." Moore, 2 Wash. at 3, 25 P. 906. We held that the new state justice of the peace's transfer of the case to the court with subject matter jurisdiction, the superior court, solved the problem.[9] Id.
*554 III. CONCLUSION
¶61 Backstrom acknowledges that Banowsky filed her claim within the statute of limitations and that service was *745 proper. CP at 154; VRP at 11. The only question is whether the district court had power to transfer that claim-regarding a subject within the district court's jurisdiction but seeking an amount outside its jurisdiction-to the superior court. Under CRLJ 14A(b), the district court did have such power and was obligated to exercise it.
¶62 We reverse the decision of the Court of Appeals.
WE CONCUR:
Johnson, J.
Owens, J.
Stephens, J.
Wiggins, J.
González, J. (concurring in result)
¶63 I concur with the majority opinion that our court rules required the district court to transfer Teresa Banowsky's medical malpractice claim to superior court. "When any party in good faith asserts a claim in an amount in excess of the jurisdiction of the district court or seeks a remedy beyond the jurisdiction of the district court, the district court shall order the entire case removed to superior court." CRLJ 14A(b). I write separately because I am unwilling to join the majority's "assum[ption]" that the district court lacked jurisdiction over this case. Majority at 548. Depending on the type of jurisdiction at issue, the district court may have been powerless to do anything but dismiss. See dissent at 556 & n. 1.
¶64 Banowsky filed her medical malpractice claim in district court, seeking over $100,000 in damages. When "the value of the claim ... does not exceed one hundred thousand dollars, exclusive of interest, costs, and attorneys' fees, the district court shall have jurisdiction [over] ... [a]ctions for damages for injuries to the person." RCW 3.66.020(2). I would hold the $100,000 amount-in-controversy ceiling does not limit the district court's subject matter jurisdiction because it merely concerns the amount of damages available. See State v. Posey, 174 Wash.2d 131, 139, 272 P.3d 840 (2012) ("[A] court's jurisdiction cannot hinge on the result it reaches."); see also *746 ZDI Gaming Inc. v. Wash. State Gambling Comm'n, 173 Wash.2d 608, 617, 268 P.3d 929 (2012) ("Where jurisdiction describes the forum or location of the hearing, it is generally understood to mean venue.").[1] Here, the district court plainly had subject matter jurisdiction over personal injury actions. RCW 3.66.020(2).
¶65 " 'Jurisdiction means the power to hear and determine.' " State v. Werner, 129 Wash.2d 485, 493, 918 P.2d 916 (1996) (quoting State ex rel. McGlothern v. Superior Court, 112 Wash. 501, 505, 192 P. 937 (1920) ), overruled in part by Posey, 174 Wash.2d 131, 272 P.3d 840. While the district court had the authority to hear Banowsky's medical malpractice claim, it was required to "order the entire case removed to superior court" because Banowsky sought damages beyond what the district court could award. CRLJ 14A(b). Accordingly, the district court lacked statutory jurisdiction, but the penalty for filing in a district court that lacks statutory jurisdiction is transfer, not dismissal. CRLJ 14A(b). I concur in result.
Madsen, J.

The district court dismissed without prejudice. CP at 26. But because the statute of limitations had since run, Banowsky could not refile her claim in superior court. Hence, she appealed the district court's order of dismissal.

In re Marriage of Buecking, 179 Wash.2d 438, 443, 316 P.3d 999 (2013) (citing ZDI Gaming, Inc. v. Wash. State Gambling Comm'n, 173 Wash.2d 608, 624, 268 P.3d 929 (2012) ); Bus. Servs. of Am. II, Inc. v. WaferTech, LLC, 174 Wash.2d 304, 307, 274 P.3d 1025 (2012) (citing State v. Schwab , 163 Wash.2d 664, 671, 185 P.3d 1151 (2008) ); State v. Gresham, 173 Wash.2d 405, 419, 269 P.3d 207 (2012) (citing Optimer Int'l, Inc. v. RP Bellevue, LLC, 170 Wash.2d 768, 771, 246 P.3d 785 (2011) ).

The Washington Constitution refers to justices of the peace, not district courts. But district courts are justice of the peace courts, simply renamed. RCW 3.30.015.

A similar principle exists in federal law. A federal court hearing a case that has been removed from state court must transfer the case back to state court if the federal court determines that it lacks subject matter jurisdiction. 28 U.S.C § 1447(c).

Because CRLJ 14A(b) 's text is unambiguous, we do not examine the comments or history behind the rule. Dep't of Ecology v . Campbell & Gwinn, LLC, 146 Wash.2d 1, 12, 43 P.3d 4 (2002). Although the Court of Appeals adhered to that interpretive principle, Banowsky, 4 Wash. App. 2d at 346 n.20, 421 P.3d 1030, it nonetheless reached a different conclusion about CRLJ 14A(b) 's meaning. Id. at 349, 421 P.3d 1030. Backstrom now urges this court to adopt that interpretation. But the Court of Appeals proceeded out of order. It considered the constitutional question first and then interpreted CRLJ 14A(b) to confonn to the rule it believed the constitution required. Our first task, however, is to determine the plain meaning of the rule. Ralph, 182 Wash.2d at 248, 343 P.3d 342. And CRLJ 14A(b) 's broad text does not support the meaning that the Court of Appeals found.

Although courts have historically considered compliance with statutes of limitations to be "jurisdictional," Buecking gives reason to question that label. 179 Wash.2d at 446-54, 316 P.3d 999. But see In re Estate of Jepsen, 184 Wn.2d 376, 358 P.3d 403 (2015).

Ch. 34.05 RCW.

The legislature appears to agree that case transfer is a procedural matter. See RCW 34.05.510 (referring to transfer as an "[a]ncillary procedural matter[ ]" when parties invoke a superior court's statutory appellate subject matter jurisdiction of agency decisions under the APA). The Ninth Circuit has also characterized CRLJ 14A as a procedural rule. Noel v. Hall, 341 F.3d 1148, 1167 (9th Cir. 2003).

We recognize that our court ruled that "the [state] justice transferred the cause to the [state] superior court, and we hold that the transfer thus made was sufficient, although accomplished under the form of an appeal." Moore, 2 Wash. at 5, 25 P. 906. The form of the transfer does not undermine the analogy to the instant case.

It is irrelevant that civil rules may govern a court's determination of whether it has subject matter jurisdiction. See majority at 550-51. Courts do have "inherent jurisdiction to construe jurisdictional statutes," as well as "jurisdiction to determine the procedures which govern its own jurisdiction." Stikes Woods Neigh. Ass'n v. City of Lacey, 124 Wash.2d 459, 465, 880 P.2d 25 (1994) (citing RCW 2.04.190 ). Meanwhile, courts do not have inherent jurisdiction to exercise judicial power in cases where they clearly lack subject matter jurisdiction from the outset. Buehl, 87 Wash.2d at 655, 555 P.2d 1334.