[No. 16320-2-III.    Division Three.    March 3, 1998.]

VICTORIA HOWLETT, *Appellant*, v. WESLO, INC., ET AL.,
*Respondents*.

*Richard G. Whitehead* of *Whitehead, Amberson & Caldwell,* for appellant.

*Deborah R. McIntosh* of *Creason, Moore, Dokken & McIntosh* (*Theodore O. Creason,* of counsel), for respondents.

BROWN, J. — Does the district court have the power to order the transfer of a case to the superior court when an amended complaint is filed asking for damages exceeding the district court's jurisdictional limit? Because the district court's power in such a case is limited to dismissing the lawsuit, we decide the order transferring the case was void. Likewise, we reject Victoria Howlett's claim that the late filed complaint relates back to the district court filing date for purposes of the statute of limitations. Finally, we decide the law of the case doctrine is inapplicable to the legal posture of this case. Accordingly, we affirm the superior court's dismissal of the complaint.

## FACTS

Ms. Howlett alleges she was injured on January 10, 1989, while attempting to use a Weslo Powerglide 500 exercise

machine she had purchased at Shopko, Inc. Ms. Howlett filed a product liability complaint against Weslo and Shopko (respondents) in the Asotin County District Court on January 10, 1992. Prior to serving the complaint, but after the statute of limitations had run, she moved to amend her complaint to allege damages in excess of the district court's jurisdictional limit of $25,000 and to transfer the case to superior court. The district court granted her motions. Ms. Howlett then filed her amended complaint and demand for jury trial in superior court on February 11, 1992, and served it upon respondents on March 23, 1992.

Respondents, after approximately four years, moved to remand the case to district court or in the alternative to dismiss it under their statute of limitations affirmative defense. The superior court decided the district court lacked transfer authority and dismissed the case. This appeal follows the denial of Ms. Howlett's motion for reconsideration.

## ANALYSIS

A. District court's power to transfer to superior court. We are first asked to decide whether a district court has the specified or implied power to transfer jurisdiction over a case to the superior court when an amended complaint is filed alleging damages exceeding the district court's jurisdictional limit. We find no such authority.

Ms. Howlett first contends RCW 2.28.150 confers upon the district court implied powers to transfer cases to superior court when damages are alleged to exceed $25,000. She is not concerned with the concurrent jurisdiction the courts share for cases under $25,000. RCW 3.66.020. Nor does she argue the district court has a specified power to transfer the case. Instead, she argues the district court has the inherent or implied power to transfer the case to the superior court because RCW 3.66.010 vests the district courts with "all the necessary powers, which are possessed by the courts of record in this state." Consequently, we begin our analysis with those sections.

RCW 3.66.010 and RCW 2.28.150 is are not helpful to her position because nowhere in their provisions is contained any power to transfer a civil case exceeding its subject matter jurisdiction to the superior court. "A court lacking jurisdiction of any matter may do nothing other than enter an order of dismissal." *Crosby v. Spokane County*, 87 Wn. App. 247, 253, 941 P.2d 687 (1997). A lack of subject matter jurisdiction voids a court order. *Marley v. Department of Labor & Indus.*, 125 Wn.2d 533, 886 P.2d 189 (1994). Thus, the transfer order was void. The trial court did not err.

■ She next urges us to apply by analogy the removal provisions of RCW 4.14 to reach the result she suggests. RCW 4.14 governs removal of actions to superior court. RCW 4.14.010 provides in part:

> Whenever the removal of such action to superior court is required in order to acquire jurisdiction over a third party defendant . . . any civil action which could have been brought in superior court may, if commenced in district court, be removed by the defendant or defendants to the superior court . . . .

RCW 4.14.020 is consistent with RCW 4.14.010 and grants solely to "a defendant or defendants" the right to seek a removal petition. The latter provision, moreover, requires a petition for removal to be filed in the superior court and it was not. RCW 4.14.020(1). Accordingly, Ms. Howlett's argument fails because she is a plaintiff and she did not file her petition in superior court. Thus, the superior court properly dismissed the case.

B. Statute of limitations contentions. Ms. Howlett argues, because she amended the complaint before service of a responsive pleading, it should relate back to the date of the original complaint thus tolling the statute of limitations for her claim in superior court. In the alternative, Ms. Howlett contends that the date of accrual for the statute of limitations should be March 9, 1989—the date she was hospitalized and diagnosed with deep venous thrombosis and pulmonary embolism. We need not address the first

contention because of our decision the district court did not have the jurisdiction to transfer the case to the superior court. For purposes of a statute of limitations analysis, the filing date in the superior court, February 11, 1992, controls and is outside of the three-year limitations period. We next examine her contention regarding the accrual date of the limitations period.

Ms. Howlett's original complaint filed in district court on January 10, 1992, alleges that the injury occurred on January 10, 1989. The district court granted her motion to amend the complaint and transfer the case to superior court on January 24, 1992. Ms. Howlett contends the filing date of her amended complaint, February 11, 1992, was within the three-year limitations period because she was not aware of the true nature of her injuries until March 9, 1989.

■ In support of her position, Ms. Howlett cites the discovery rule of *Steele v. Organon, Inc.*, 43 Wn. App. 230, 716 P.2d 920, *review denied*, 106 Wn.2d 1008 (1986). Generally, under the discovery rules, the statute of limitations accrues once the injured party discovers or reasonably should have discovered all facts necessary to establish all elements of a claim. *Koker v. Armstrong Cork, Inc.*, 60 Wn. App. 466, 473, 804 P.2d 659, *review denied*, 117 Wn.2d 1006 (1991). This rule applies to products liability cases. *Id.* Ms. Howlett acknowledges that she experienced pain in her left leg beginning January 10, 1989. Thus, the statute of limitations began to run at that time. Ms. Howlett's suit in superior court was therefore, not within the three-year statute of limitations.

■ C. Timeliness of raising the affirmative defense. Ms. Howlett also argues the respondents should be estopped from asserting the statute of limitations due to the delay of four years before asserting it in the motion to dismiss. We agree, though, with respondents' argument that Ms. Howlett has not raised this argument before and cannot do so now. RAP 2.5(a).

■ D. Law of the case doctrine. Ms. Howlett contends

the district court determined the law of this case when it transferred the action to superior court. It is inapplicable here. The law of the case doctrine, by collateral estoppel, provides that a legal determination established in a case not appealed becomes the law of the case. *In re Marriage of Trichak*, 72 Wn. App. 21, 23, 863 P.2d 585 (1993); RAP 2.5(c). This is the initial legal determination; the doctrine does not apply. There is no error.

## CONCLUSION

The district court lacked subject matter jurisdiction to decide a case if the amount pleaded exceeded $25,000. It could do nothing other than enter an order of dismissal to the complaint. The order obtained by the plaintiff transferring the action to the superior court was void. The statute of limitations claim fails because even if there was relation back under CR 15(c), the filing date in the superior court was too late. The discovery rule would not help because the injury was discovered earlier than claimed, and also because this issue was not timely raised by Ms. Howlett. The law of the case doctrine is inapplicable here, as this is the first legal determination of the issues. We affirm.

SCHULTHEIS, C.J., and KURTZ, J., concur.