

**FILE**
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE **JUL 2 5 2019**

_for_ CHIEF JUSTICE

This opinion was
filed for record
at 8 a.m. on July 25, 2019

Susan L. Carlson
**Susan L. Carlson**
**Supreme Court Clerk**

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| TERESA BANOWSKY, | NO. 96200-6 |
| Petitioner, | |
| v. | EN BANC |
| GUY BACKSTROM, DC, d/b/a BEAR CREEK CHIROPRACTIC CENTER, | |
| Respondent. | Filed **JUL 2 5 2019** |

GORDON McCLOUD, J.—Washington's superior courts are courts of general jurisdiction—most claims, on most subjects, valued at most any amount, can be decided there. Washington's district courts are courts of limited jurisdiction—only a subset of claims, on a subset of subjects, with $100,000 or less in controversy for civil cases, can be decided there.

Teresa Banowsky filed her claim for medical malpractice in district court on the last day of the statute of limitations. She sought over $100,000. District courts can exercise jurisdiction over medical malpractice claims, but they cannot exercise

jurisdiction over claims seeking over $100,000. CRLJ 14A(b), however, directs district courts to "remove[ ]," or transfer, a case to superior court when "any party" "asserts a claim in an amount in excess of the jurisdiction of the district court or seeks a remedy beyond the jurisdiction of the district court." This case is about the meaning and validity of that rule.

We hold that CRLJ 14A(b) validly and unambiguously required the district court to transfer Banowsky's case to superior court. We therefore reverse the decision of the Court of Appeals.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Proceedings in District Court

On the final day of the statute of limitations, Banowsky, acting pro se, filed a medical malpractice claim against her chiropractor, Guy Backstrom, in King County District Court. Clerk's Papers (CP) at 105-07. Banowsky sought "actual compensatory damages in an amount exceeding $100,000.00, together with attorney's fees, court costs, and whatever other damages deemed appropriate by the Court." *Id.* at 107.

A month and a half later, an attorney appeared on Banowsky's behalf and moved to transfer the case to superior court. *Id.* at 101, 95-96. Through counsel, Banowsky alleged that she had been unaware of the $100,000 "limitation of damages in District Court." *Id.* at 95. She argued that "[b]ecause the error was

2

made in good faith, [the] case should be transferred to Superior Court pursuant to Rule CRLJ 14A(b)." *Id.* at 96.

CRLJ 14A(b) states, "When any party in good faith asserts a claim in an amount in excess of the jurisdiction of the district court or seeks a remedy beyond the jurisdiction of the district court, the district court shall order the entire case removed to superior court."

Backstrom opposed transfer. *Id.* at 45-52. He did not dispute Banowsky's good faith. Instead, he argued that "the District Court has no authority to grant Plaintiff's motion and enter an Order of Transfer because it lacks subject matter jurisdiction over this claim." *Id.* at 47.

To explain CRLJ 14A(b)'s function, Backstrom pointed to the drafters' comment to the proposal that amended the rule into its current form. The comment states in part:

> Plaintiffs can file in the district court knowing that if a basis for claiming damages in excess of the jurisdictional limit of the district court should arise after they have filed their complaint, then they will have the opportunity to transfer their case to the superior court.

Proposed amendment to CRLJ 14A(b), 150 Wn.2d Proposed-13 (Official Advance Sheet No. 7, Jan. 6, 2004). On the basis of that comment, Backstrom concluded that "if . . . Plaintiff believed her damages were $50,000 at the time of filing, but later learned they were much more, CRLJ 14A would allow her to remove the

claim to Superior Court to seek damages in excess of the jurisdictional limit." CP at 51. But because Banowsky's claim exceeded the jurisdictional limit from the start, Backstrom urged the court to dismiss. *Id.* at 52.

Banowsky countered that CRLJ 14A(b)'s history was immaterial to its interpretation given the lack of any ambiguity in its text, and the text required "remov[al]" or transfer. *Id.* at 31-32. She continued that CRLJ 14A(b)'s history really supported her position, not Backstrom's. She pointed out that the comment on which Backstrom relied actually referenced a prior version of the drafters' proposed amendment to the rule. *Id.*; *see* Bd. for Judicial Admin., Meeting Minutes (Jan. 24, 2003) at 3 [https://perma.cc/7VMW-FV3C]. The drafters did not update the comment when they formally submitted a different version of the proposed amendment—the one that ultimately became CRLJ 14A(b) as it exists today—to this court.

Following briefing on those matters, the district court heard argument, denied Banowsky's motion, and dismissed the case.[1] CP at 25-26, 121-37.

B.      Proceedings in Superior Court

Banowsky appealed, renewing the same arguments. *Id.* at 111-20. Likewise, Backstrom reiterated his previous arguments. *Id.* at 146-67. But

---

[1] The district court dismissed without prejudice. CP at 26. But because the statute of limitations had since run, Banowsky could not refile her claim in superior court. Hence, she appealed the district court's order of dismissal.

Backstrom cited an additional source of authority in support of those arguments: CRLJ 12(h)(3). That rule states, "Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

The superior court heard argument and affirmed the district court's dismissal. Verbatim Report of Proceedings (VRP) at 1-19; CP at 170-71.

C.    Proceedings in the Court of Appeals

Banowsky moved the Court of Appeals for discretionary review. That court granted limited review "to address the issues raised by CRLJ 14A(b) and its relationship with other rules and statutes, including CRLJ 12(h)(3) and CRLJ 82." Notation Ruling, No. 76360-1-I, at 3 (Wash. Ct. App. May 31, 2017).

The Court of Appeals then affirmed. *Banowsky v. Backstrom*, 4 Wn. App. 2d 338, 421 P.3d 1030 (2018). That court emphasized that the Washington Constitution gives the legislature responsibility for determining the jurisdiction of district courts and that the legislature has confined that jurisdiction to claims seeking $100,000 or less. *Id.* at 344-46. It explained, "Because the amount demanded exceeded the constitutionally based amount-in-controversy limitation for district court, the district court lacked subject matter jurisdiction and its only permissible action was dismissal." *Id.* at 346. In that court's view, the opposite conclusion "would greatly undercut the [constitution's] intentional divide [between district courts and superior courts] to allow a plaintiff to ignore the district court

5

amount-in-controversy limitation and force a transfer even though she demanded an amount over the district court limit." *Id.* at 347.

But the Court of Appeals nonetheless reconciled CRLJ 14A(b) and CRLJ 12(h)(3) to sometimes give effect to CRLJ 14A(b) and sometimes permit transfer. "Where a plaintiff properly invokes the subject matter jurisdiction of the district court by demanding relief that is within the amount-in-controversy limit of the court, CRLJ 14A(b) can afterward be applied to direct a transfer of the case to superior court. For example, a plaintiff may later seek to remove the case to superior court on the good faith belief that although her damages initially were below the limit, they now appear to exceed the subject matter jurisdiction of the district court." *Id.* at 349. Thus, the Court of Appeals adopted Backstrom's interpretation of the rule.

We granted review. *Banowsky v. Backstrom*, 192 Wn.2d 1001 (2018).

## II.    DISCUSSION

### A.    Standard of Review

This case involves issues of subject matter jurisdiction, rule interpretation, and constitutional interpretation. We review each of these legal issues de novo.[2]

---

[2] *In re Marriage of Buecking*, 179 Wn.2d 438, 443, 316 P.3d 999 (2013) (citing *ZDI Gaming, Inc. v. Wash. State Gambling Comm'n*, 173 Wn.2d 608, 624, 268 P.3d 929 (2012)); *Bus. Servs. of Am. II, Inc. v. WaferTech, LLC*, 174 Wn.2d 304, 307, 274 P.3d 1025 (2012) (citing *State v. Schwab*, 163 Wn.2d 664, 671, 185 P.3d 1151 (2008)); *State*

B.    We Assume That the District Court Lacked Subject Matter Jurisdiction over Banowsky's Claim

"'Subject matter jurisdiction' refers to a court's ability to entertain a type of case . . . ." *In re Marriage of Buecking*, 179 Wn.2d 438, 448, 316 P.3d 999 (2013) (citing *ZDI Gaming, Inc. v. Wash. State Gambling Comm'n*, 173 Wn.2d 608, 618, 268 P.3d 929 (2012)). It "is the power of a court to hear and determine a case." *State v. Lane*, 112 Wn.2d 464, 468, 771 P.2d 1150 (1989) (citing *State v. Hampson*, 9 Wn.2d 278, 281, 114 P.2d 992 (1941); 20 AM. JUR. 2D *Courts* § 88, at 449 (1965)). "A tribunal lacks subject matter jurisdiction when it attempts to decide a type of controversy over which it has no authority to adjudicate." *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 539, 886 P.2d 189 (1994). "A lack of subject matter jurisdiction implies that [the tribunal] has no authority to decide the claim at all, let alone order a particular kind of relief." *Id.*

Backstrom argues that the district court lacked subject matter jurisdiction over Banowsky's claim. He relies on article IV, section 10 of the Washington Constitution, which provides that "[t]he legislature . . . shall prescribe by law the powers, duties and jurisdiction [of the district courts]."[3] Under this provision, the

---

*v. Gresham*, 173 Wn.2d 405, 419, 269 P.3d 207 (2012) (citing *Optimer Int'l, Inc. v. RP Bellevue, LLC*, 170 Wn.2d 768, 771, 246 P.3d 785 (2011)).

[3] The Washington Constitution refers to justices of the peace, not district courts. But district courts are justice of the peace courts, simply renamed. RCW 3.30.015.

legislature has "sole authority to determine the jurisdiction and powers of the district court." *State v. Hastings*, 115 Wn.2d 42, 49, 793 P.2d 956 (1990); *see also Young v. Konz*, 91 Wn.2d 532, 542, 588 P.2d 1360 (1979) (stating that "the people, through our constitution, have . . . authorized only *the legislature* . . . to prescribe the powers, duties and jurisdiction of [district] courts"). To that end, the legislature enacted RCW 3.66.020. That statute states that "the district court shall have jurisdiction and cognizance" of certain types of civil actions—of which Banowsky's medical malpractice claim is one—but only "[i]f, for each claimant, the value of the claim or the amount at issue does not exceed one hundred thousand dollars." Banowsky's claim sought more than $100,000.

The parties therefore acknowledge that the district court lacked jurisdiction over her case. Because our analysis does not turn on the existence of subject matter jurisdiction, we assume without deciding that they are correct.

    C.    CRLJ 14A(b) Required the District Court To Transfer the Case to Superior Court Even If the District Court Lacked Subject Matter Jurisdiction

Even assuming that the district court lacked subject matter jurisdiction, the district court still had the power—and the obligation—under CRLJ 14A(b) to transfer the case to superior court. That is because CRLJ 14A(b), not CRLJ 12(h)(3), applies, and CRLJ 14A(b) is a constitutionally valid procedural rule that abrogates the common-law rule of dismissal in this situation.

1.    The Common Law Requires Dismissal of a Claim over Which a Court Lacks Subject Matter Jurisdiction, but This Court Has Recognized an Exception to the Common-Law Rule

Washington courts generally follow the common-law rule "that a court lacking jurisdiction of any matter may do nothing other than enter an order of dismissal." *Deschenes v. King County*, 83 Wn.2d 714, 716, 521 P.2d 1181 (1974) (citing 21 C.J.S. *Courts* § 118 (1940)), *overruled in part by Clark County Pub. Util. Dist. No. 1 v. Wilkinson*, 139 Wn.2d 840, 848 n.8, 991 P.2d 1161 (2000). This court has repeated this "well known and universally respected" rule several times. *Id.*; *see Ralph v. Dep't of Nat. Res.*, 182 Wn.2d 242, 255 n.4, 343 P.3d 342 (2014); *Young v. Clark*, 149 Wn.2d 130, 133, 65 P.3d 1192 (2003); *Shoop v. Kittitas County*, 149 Wn.2d 29, 35, 65 P.3d 1194 (2003); *Crosby v. County of Spokane*, 137 Wn.2d 296, 301, 971 P.2d 32 (1999); *In re Adoption of Buehl*, 87 Wn.2d 649, 655, 555 P.2d 1334 (1976). And as Backstrom points out, if the district court lacked subject matter jurisdiction, this rule would support the district court's dismissal below.

But we recognized an exception to this common-law rule in *In re Personal Restraint of Johnson*, 131 Wn.2d 558, 933 P.2d 1019 (1997). *Johnson* concerned the subject matter jurisdiction of the Court of Appeals, which, like the subject matter jurisdiction of the district court, is set by statute. *Id.* at 565-66; WASH. CONST. art. IV, §§ 10, 30; RCW 2.06.030. The question in *Johnson* was whether

9

the Court of Appeals had jurisdiction to resolve the merits of certain personal restraint petitions. 131 Wn.2d at 565-66. We held that one statute divested the Court of Appeals of subject matter jurisdiction over the petitions at issue. *Id.* at 566 (interpreting RCW 10.73.140). But we recognized that another statute gave the Court of Appeals the power to transfer the petitions over which it lacked subject matter jurisdiction to our court. *Id.* That second statute stated, "'No case, appeal, or petition for a writ filed in the supreme court or the [Court of Appeals] shall be dismissed for the reason that it was not filed in the proper court, but it shall be transferred to the proper court.'" *Id.* (alteration in original) (quoting RCW 2.06.030). Thus, by legislative design, a court lacking the power to hear and determine a case nonetheless had the power to transfer that case to the appropriate court.

We reaffirmed that holding in *In re Personal Restraint of Perkins*, 143 Wn.2d 261, 19 P.3d 1027 (2001). As in *Johnson*, the nondismissal statute, RCW 2.06.030, operated to prevent dismissal, even though the Court of Appeals lacked subject matter jurisdiction. *Id.* at 266. We observed:

> Clearly [petitioner] could have filed his [personal restraint petition] directly in the Supreme Court at his election. Had he done so we could not have transferred the petition to the Court of Appeals pursuant to RAP 16.5 because we have jurisdiction in this matter whereas the Court of Appeals does not. Thus, [petitioner's] problem arises because he initially filed his [petition] in the Court of Appeals rather than in the Supreme Court. Is this fatal?

We think not because RCW 2.06.030 explicitly requires the case . . . *shall* be transferred to the proper court.

*Id.* This court continues to adhere to that holding. *See, e.g., In re Pers. Restraint of Bell*, 187 Wn.2d 558, 562, 387 P.3d 719 (2017) (per curiam); *In re Pers. Restraint of Adolph*, 170 Wn.2d 556, 564, 243 P.3d 540 (2010); *In re Pers. Restraint of Fawcett*, 147 Wn.2d 298, 301, 53 P.3d 972 (2002).

*Johnson* and *Perkins* guide the outcome of this case. Although the district court may have lacked the power to hear and determine Banowsky's claim under RCW 3.66.020, it did not necessarily lack the power to transfer the case.[4] Following *Johnson* and *Perkins*, the district court should have first considered whether another enactment gave it power to transfer and, if so, whether that enactment required the court to exercise that power. *See Bell*, 187 Wn.2d at 562 ("We have previously determined that [the jurisdictional statute] cannot be applied in isolation." (citing *Perkins*, 143 Wn.2d at 266)).

---

[4] A similar principle exists in federal law. A federal court hearing a case that has been removed from state court must transfer the case back to state court if the federal court determines that it lacks subject matter jurisdiction. 28 U.S.C § 1447(c).

### 2. The Exception to the Common-Law Rule Applies and Requires Transfer

Such an enactment exists. As explained below, CRLJ 14A(b) provided the district court with the power to transfer a case and, according to its plain terms, required the district court to transfer this case.

#### a. CRLJ 14A(b) Applies and Requires Transfer

"Court rules are interpreted in the same manner as statutes and are construed in accord with their purpose." *Bus. Servs. of Am. II, Inc. v. WaferTech, LLC*, 174 Wn.2d 304, 307, 274 P.3d 1025 (2012) (citing *State v. Wittenbarger*, 124 Wn.2d 467, 484, 880 P.2d 517 (1994)). "The starting point is thus the rule's plain language and ordinary meaning." *Id.* (citing *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003)). We conclude that neither CRLJ 14A(b) nor CRLJ 12(h)(3) is ambiguous, but that CRLJ 14A(b) applies in cases such as this one when a party filed a claim on a subject within the district court's jurisdiction but sought damages in excess of that jurisdiction.

##### i. CRLJ 14A(b) Appears To Apply—and Would Require Transfer

CRLJ 14A(b) states, "When any party in good faith asserts a claim in an amount in excess of the jurisdiction of the district court or seeks a remedy beyond the jurisdiction of the district court, the district court shall order the entire case removed to superior court."

The rule plainly applies to this case. Banowsky, the plaintiff, is "any party." By seeking "damages in an amount exceeding $100,000.00," she asserted a claim in excess of the district court's jurisdiction. CP at 107; RCW 3.66.020. Backstrom has not contested Banowsky's good faith.

Banowsky has therefore satisfied all of the rule's conditions, thereby triggering its result: "the district court *shall* order the entire case removed to superior court." CRLJ 14A(b) (emphasis added). That language is mandatory. *Snohomish County v. Thorp Meats*, 110 Wn.2d 163, 168-69, 750 P.2d 1251 (1988); *Wallace v. Evans*, 131 Wn.2d 572, 576, 934 P.2d 662 (1997).[5]

      ii.    CRLJ 12(h)(3) Appears To Apply—and Would Require Dismissal

But CRLJ 12(h)(3) also bears on Banowsky's claim. It states, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

---

[5] Because CRLJ 14A(b)'s text is unambiguous, we do not examine the comments or history behind the rule. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 12, 43 P.3d 4 (2002). Although the Court of Appeals adhered to that interpretive principle, *Banowsky*, 4 Wn. App. 2d at 346 n.20, it nonetheless reached a different conclusion about CRLJ 14A(b)'s meaning. *Id.* at 349. Backstrom now urges this court to adopt that interpretation. But the Court of Appeals proceeded out of order. It considered the constitutional question first and then interpreted CRLJ 14A(b) to conform to the rule it believed the constitution required. Our first task, however, is to determine the plain meaning of the rule. *Ralph*, 182 Wn.2d at 248. And CRLJ 14A(b)'s broad text does not support the meaning that the Court of Appeals found.

Assuming that the district court completely lacked subject matter jurisdiction, this rule also applies. As a result, "the court *shall* dismiss the action." CRLJ 12(h)(3) (emphasis added). As with CRLJ 14A(b), that language is mandatory. CRLJ 12(h)(3) therefore seems to require dismissal while CRLJ 14A(b) seems to require transfer.

But the district court cannot both dismiss and transfer the same case. We must resolve the apparent conflict.

### iii. Only CRLJ 14A(b) Applies in This Case

We conclude that CRLJ 14A(b), not CRLJ 12(h)(3), applies in this case for two reasons.

First, CRLJ 14A(b) is the more recently amended rule, and its substantive amendment bears directly on the issue presently before the court. *See Bailey v. Allstate Ins. Co.*, 73 Wn. App. 442, 446 n.3, 869 P.2d 1110 (1994) (describing that interpretive rule). CRLJ 14A(b) was amended in 2004 to expand its reach to "any party" like Banowsky. Order No. 25700-A-792 (Wash. July 8, 2004). CRLJ 12(h)(3), however, was last amended in 1984. CRLJ 12 at 101 Wn.2d 1172-77 (1984). As a result, application of CRLJ 14A(b) better reflects this court's intent.

Second, application of CRLJ 14A(b) is more consistent with the principles underlying the rules. CRLJ 1 tells us to interpret the rules "to secure the just, speedy, and inexpensive determination of every action." *See also* RCW 2.04.190

14

(expressing the legislature's desire for rules that "promote the speedy determination of litigation on the merits"); *cf. Curtis Lumber Co. v. Sortor*, 83 Wn.2d 764, 767, 522 P.2d 822 (1974) (observing that "the basic purpose of the new rules of civil procedure [for superior court] is to eliminate or at least minimize technical miscarriages of justice inherent in archaic procedural concepts"). Transferring the case to superior court under CRLJ 14A(b) would move the dispute to the proper forum for a determination on the merits; applying CRLJ 12(h)(3) would completely preclude a determination on the merits.

> b. Backstrom's Argument that the Court Rules Do Not Apply When the Court Lacks Subject Matter Jurisdiction Fails

Backstrom contends that CRLJ 14A(b) cannot provide power to transfer because court rules do not apply when a court lacks subject matter jurisdiction. Resp't's Answer to Pet. for Review at 11-12. He relies on *Diehl v. Western Washington Growth Management Hearings Board* for the proposition that "[s]uperior court civil rules are procedural rules, applicable only after the commencement of an action, and thus do not purport to extend subject matter jurisdiction of the court." 153 Wn.2d 207, 216, 103 P.3d 193 (2004) (citing *Vasquez v. Dep't of Labor & Indus.*, 44 Wn. App. 379, 383, 722 P.2d 854 (1986)). Backstrom thus reasons that application of a procedural rule such as CRLJ 14A(b)

is inappropriate when a court lacks subject matter jurisdiction. Resp't's Answer to Pet. for Review at 11-12.

Backstrom is correct that CRLJ 14A(b) does not extend the subject matter jurisdiction of the district court. WASH. CONST. art. IV, § 10; CRLJ 82; *accord City of Seattle v. Hesler*, 98 Wn.2d 73, 79, 653 P.2d 631 (1982). But it does not follow that the district court operates totally without rules when a party has filed a claim over which the court lacks subject matter jurisdiction.

This is clear from the well-accepted rule that a court generally has jurisdiction to determine its own jurisdiction. *Johnson*, 131 Wn.2d at 566 n.3 (citing *Stikes Woods Neigh. Ass'n v. City of Lacey*, 124 Wn.2d 459, 465, 880 P.2d 25 (1994)). Sometimes that determination requires resolution of a difficult issue. But the court's rules unquestionably apply to that process. Moreover, if court rules did not apply unless a court had subject matter jurisdiction over the claim, a district court could not even apply CRLJ 12(h)(3) in cases such as this one, despite Backstrom's asserting that that is exactly what a district court should do.

Backstrom's position is also at odds with *Stikes Woods*, 124 Wn.2d 459. In that case, this court resolved a conflict between a statute and a court rule about how to compute a limitations period. *Id.* at 462. We held that the court rule trumped the statute. *Id.* at 463. In response to a concern that application of the court rule would inappropriately extend the subject matter jurisdiction of the court,

we noted that "[t]his court . . . has jurisdiction to determine the procedures which govern its own jurisdiction." *Id.* at 465. That is, we rejected the view that court rules apply only after the court has definitively acquired subject matter jurisdiction.[6]

*Diehl* does not stand for a contrary rule. 153 Wn.2d 207. In that case, this court resolved a conflict between lenient Administrative Procedure Act (APA)[7] service-of-process requirements and more stringent civil rule service-of-process requirements. *Id.* at 213. The petitioner in that case filed an appeal of an agency decision in superior court. *Id.* at 209-10. Both RCW 34.05.542 and CR 4 appeared to establish service requirements that had to be satisfied to invoke the appellate jurisdiction of the superior court. *Id.* at 217. Given that the Civil Rules generally govern matters within a superior court's original jurisdiction and that RCW 34.05.542 set forth specific requirements for appeals, which are part of the superior court's appellate jurisdiction, this court concluded that the statute prevailed over the court rule. *Id.* at 216-17.

---

[6] Although courts have historically considered compliance with statutes of limitations to be "jurisdictional," *Buecking* gives reason to question that label. 179 Wn.2d at 446-54. *But see In re Estate of Jepsen*, 184 Wn.2d 376, 358 P.3d 403 (2015).

[7] Ch. 34.05 RCW.

But *Diehl*'s conclusion was based on the fact that the APA had specific requirements for appeals of agency decisions, that such appeals fall outside the original jurisdiction of superior courts, and hence those APA-specific rules must control over more stringent civil rules to the contrary. 153 Wn.2d at 213-16; *see Residents Opposed to Kittitas Turbines v. State Energy Facility Site Evaluation Council*, 165 Wn.2d 275, 294-95, 197 P.3d 1153 (2008) (describing the superior court's appellate jurisdiction). That holding furthered the legislature's directive to "eliminate[] many of the formalities associated with the initiation of an action in superior court and instead . . . allow pro se litigants to seek judicial review without the need to hire an attorney or process server." *Diehl*, 153 Wn.2d at 215. In other words, *Diehl*'s holding had nothing to do with whether one district court rule, particularly one that has more stringent procedural requirements and more dire consequences for the unwary, controls over another.

We therefore hold that court rules apply to cases even when it is not yet certain that the court has subject matter jurisdiction due to the amount in controversy.

  3. Applying CRLJ 14A(b) Is Constitutional

Backstrom next asserts that applying CRLJ 14A(b) to this case would violate the state constitution. First, Backstrom argues that applying CRLJ 14A(b) would violate article IV, section 10 of the Washington Constitution. As noted, that

provision of the constitution gives the legislature, not this court, the sole authority to prescribe the powers, duties, and jurisdiction of district courts. *Hastings*, 115 Wn.2d at 49; *Young*, 91 Wn.2d at 542. Second, Backstrom argues that applying CRLJ 14A(b) would undermine article IV's division of authority between the superior courts and the district courts.

Both arguments fail.

> a. Applying CRLJ 14A(b) Does Not Usurp the Legislature's Authority To Prescribe the Powers, Duties, and Jurisdiction of the District Courts

Backstrom, like the Court of Appeals, asserts that applying CRLJ 14A(b) to this case would constitute an impermissible judicial encroachment on the legislature's authority. Resp't's Suppl. Br. at 6-11; *Banowsky*, 4 Wn. App. 2d at 346-47. We disagree.

"The inherent power of article IV includes the power to govern court procedures." *City of Fircrest v. Jensen*, 158 Wn.2d 384, 394, 143 P.3d 776 (2006) (plurality opinion); *id.* at 400 (Owens, J., concurring). This court exercises that power in part by promulgating rules, like the CRLJs. *See generally* GR 9.

Our rules have the force of law. "If a statute appears to conflict with a court rule, this court will first attempt to harmonize them and give effect to both, but if they cannot be harmonized, the court rule will prevail in procedural matters and the statute will prevail in substantive matters." *Putnam v. Wenatchee Valley Med.*

*Ctr., PS*, 166 Wn.2d 974, 980, 216 P.3d 374 (2009) (citing *Jensen*, 158 Wn.2d at 394).

CRLJ 14A(b) is unquestionably a procedural rule. By providing for transfer of a case from one court to another, the rule "pertain[s] to the essentially mechanical operations of the courts by which substantive law, rights, and remedies are effectuated." *State v. Smith*, 84 Wn.2d 498, 501, 527 P.2d 674 (1974) (citing *State v. Pavelich*, 153 Wash. 379, 279 P. 1102 (1929); *In re Fla. Rules of Criminal Procedure*, 272 So. 2d 65 (Fla. 1972) (per curiam)); *see also* CRLJ 1 (stating that rules govern procedure); CRLJ 81(b) (providing that rules supersede procedural statutes).[8] Accordingly, this court had authority to adopt CRLJ 14A(b), and that rule has the force of law.

Although Backstrom agrees that CRLJ 14A(b) is procedural, he contends that applying it in this case would violate the state constitution. Resp't's Answer to Pet. for Review at 11-12. He reasons that article IV, section 10 allocates jurisdiction-setting responsibility to the legislature so only the legislature can authorize transfer when the district court lacks subject matter jurisdiction. Thus, in

---

[8] The legislature appears to agree that case transfer is a procedural matter. *See* RCW 34.05.510 (referring to transfer as an "[a]ncillary procedural matter[ ]" when parties invoke a superior court's statutory appellate subject matter jurisdiction of agency decisions under the APA). The Ninth Circuit has also characterized CRLJ 14A as a procedural rule. *Noel v. Hall*, 341 F.3d 1148, 1167 (9th Cir. 2003).

his view, a statute could authorize transfer, but a court rule cannot. On that basis, he distinguishes *Johnson* and *Perkins*.

We disagree. Our power to establish procedural rules governing the judicial branch of government is well established in our precedent and well grounded in our constitutional authority. Moreover, by removing a case from district court when that court lacks jurisdiction, CRLJ 14A(b) respects the jurisdictional lines that the legislature has drawn in RCW 3.66.020 and in no way "'invades the prerogatives'" of the legislature. *Jensen*, 158 Wn.2d at 394 (internal quotation marks omitted) (quoting *State v. Moreno*, 147 Wn.2d 500, 505-06, 58 P.3d 265 (2002)).

But even if we were to agree with Backstrom's premise that the legislature must authorize transfer, we would not agree with his conclusion. The legislature has endorsed this court's promulgation of rules regulating the practice and procedure of state courts, including district courts. RCW 2.04.190, .200.

RCW 2.04.190 states that this court "shall have the power . . . generally to regulate and prescribe by rule . . . the kind and character of the entire pleading, practice and procedure to be used in all suits, actions, appeals and proceedings of whatever nature by the supreme court, superior courts, and district courts of the state." Additionally, the legislature expressed the view that we exercise power to

21

give "regard to the simplification of the system of pleading, practice and procedure in said courts to promote the speedy determination of litigation on the merits." *Id.*

Another statute, RCW 2.04.200, reinforces the legislature's intent to defer to this court's control of practice and procedure in state courts. RCW 2.04.200 provides that "all laws in conflict [with the rules that this court promulgates] shall be and become of no further force or effect."

In enacting those statutes, "[t]he legislature recognized that rules of court to promote justice[ ] should be in the hands of that department of government which, in addition to being always in session and unhindered by the delays and influences besetting legislative enactments, is likewise qualified, through actual experience, to formulate salutary rules . . . ." *State ex rel. Foster-Wyman Lumber Co. v. Superior Court*, 148 Wash. 1, 8, 267 P. 770 (1928). Thus, the legislature has spoken, and CRLJ 14A(b) exists against the backdrop of the legislature's endorsement. It is a procedural rule that does not extend the district court's subject matter jurisdiction, and its application does not offend article IV, section 10. *See Hesler*, 98 Wn.2d at 78 (holding that this court's creation of rules for appeals from district courts does not "invade[ ] the Legislature's authority to define the 'jurisdiction, duties and powers' of inferior courts").

b.     Applying CRLJ 14A(b) Does Not Undermine
Article IV's Division of Authority between Superior
Courts and District Courts

Backstrom adopts the Court of Appeals' view that applying CRLJ 14A(b)

would upset article IV's allocation of judicial authority. The Court of Appeals

stated:

> The clear policy of our state constitution is that the superior court is
> the court of almost "universal" subject matter jurisdiction. The other
> Washington trial courts necessarily have limited jurisdiction. It would
> greatly undercut that intentional divide to allow a plaintiff to ignore
> the district court amount-in-controversy limitation and force a transfer
> even though she demanded an amount over the district court limit.

4 Wn. App. 2d at 347 (footnote omitted).

To be sure, the constitution creates different roles for district courts and

superior courts. And article IV, section 10 provides that the jurisdiction of the

district courts "shall not trench upon the jurisdiction of superior . . . courts."

But CRLJ 14A(b) supports, not undermines, that constitutional scheme.

When the district court applies CRLJ 14A(b), it in no way "hear[s] and

determine[s]" the case. *Lane*, 112 Wn.2d at 468. The district court makes no

rulings; it merely transfers the case to the superior court. Transferring, rather than

dismissing, recognizes the superior jurisdiction of the superior court and places the

dispute before the correct tribunal. This is important when a plaintiff such as

Banowsky makes the mistake of filing her complaint on the floor of the courthouse

where the district court clerk is located instead of the floor where the superior court

clerk is located.

We took this commonsense approach before, at the time of statehood.

Washington's new constitution mandated that the dying territorial courts transfer

all their cases to the newborn state courts:

> All actions at law and suits in equity which may be pending in any of
> the courts of the Territory of Washington, at the time of the change
> from a territorial to a state government, shall be continued, and
> transferred to the court of the state having jurisdiction of the subject
> matter thereof.

WASH. CONST. art. XXVII, § 5.

In one case, however, the territorial justice of the peace made a decision on

November 18, 1889, the day on which the court died and its cases were all

"continued" to the new justice of the peace courts. *Moore v. Perrott*, 2 Wash. 1, 2-

3, 25 P. 906 (1891). The problem was that the old territorial justice of the peace

had jurisdiction over matters up to $300; the new state justice of the peace had

jurisdiction over matters up to $100. *See* WASH. CONST. art. IV, § 6 (orig. text);

*Moore*, 2 Wash. at 4-5. The judgment in the case was $240, "the full amount

demanded." *Moore*, 2 Wash. at 3. We held that the new state justice of the

peace's transfer of the case to the court with subject matter jurisdiction, the superior court, solved the problem.[9] *Id.*

## III. CONCLUSION

Backstrom acknowledges that Banowsky filed her claim within the statute of limitations and that service was proper. CP at 154; VRP at 11. The only question is whether the district court had power to transfer that claim—regarding a subject within the district court's jurisdiction but seeking an amount outside its jurisdiction—to the superior court. Under CRLJ 14A(b), the district court did have such power and was obligated to exercise it.

We reverse the decision of the Court of Appeals.

---

[9] We recognize that our court ruled that "the [state] justice transferred the cause to the [state] superior court, and we hold that the transfer thus made was sufficient, although accomplished under the form of an appeal." *Moore*, 2 Wash. at 5. The form of the transfer does not undermine the analogy to the instant case.

No. 96200-6

_[signature]_
_____

WE CONCUR:

_[signature]_                              _[signature]_
_____            _____

                                          _[signature]_
                                          _____

_[signature]_
_____            _____

26

No. 96200-6

GONZÁLEZ, J. (concurring in result)—I concur with the majority opinion that our court rules required the district court to transfer Teresa Banowsky's medical malpractice claim to superior court. "When any party in good faith asserts a claim in an amount in excess of the jurisdiction of the district court or seeks a remedy beyond the jurisdiction of the district court, the district court shall order the entire case removed to superior court." CRLJ 14A(b). I write separately because I am unwilling to join the majority's "assum[ption]" that the district court lacked jurisdiction over this case. Majority at 9. Depending on the type of jurisdiction at issue, the district court may have been powerless to do anything but dismiss. *See* dissent at 6 & n.1.

Banowsky filed her medical malpractice claim in district court, seeking over $100,000 in damages. When "the value of the claim . . . does not exceed one hundred thousand dollars, exclusive of interest, costs, and attorneys' fees, the district court shall have jurisdiction [over] . . . [a]ctions for damages for injuries to the person." RCW 3.66.020(2). I would hold the $100,000 amount-in-controversy

ceiling does not limit the district court's subject matter jurisdiction because it merely concerns the amount of damages available. *See State v. Posey*, 174 Wn.2d 131, 139, 272 P.3d 840 (2012) ("[A] court's jurisdiction *cannot* hinge on the result it reaches."); *see also ZDI Gaming Inc. v. Wash. State Gambling Comm'n*, 173 Wn.2d 608, 617, 268 P.3d 929 (2012) ("Where jurisdiction describes the forum or location of the hearing, it is generally understood to mean venue.").[1] Here, the district court plainly had subject matter jurisdiction over personal injury actions. RCW 3.66.020(2).

"'Jurisdiction means the power to hear and determine.'" *State v. Werner*, 129 Wn.2d 485, 493, 918 P.2d 916 (1996) (quoting *State ex rel. McGlothern v. Superior Court*, 112 Wash. 501, 505, 192 P. 937 (1920)), *overruled in part by Posey*, 174 Wn.2d 131. While the district court had the authority to *hear* Banowsky's medical malpractice claim, it was required to "order the entire case removed to superior court" because Banowsky sought damages beyond what the district court could award. CRLJ 14A(b). Accordingly, the district court lacked statutory jurisdiction, but the penalty for filing in a district court that lacks statutory jurisdiction is transfer, not dismissal. CRLJ 14A(b). I concur in result.

---

[1] The Court of Appeals did not have the benefit of our opinions in *Posey* and *ZDI* when it decided *Howlett v. Weslo, Inc.*, 90 Wn. App. 365, 951 P.2d 831 (1998). To the extent *Howlett* is inconsistent with our opinion today, I would overrule it.

González, J.

Madsen, J.

No. 96200-6

YU, J. (dissenting) — The Civil Rules for Courts of Limited Jurisdiction do

not purport "to extend or limit the jurisdiction of the courts of limited jurisdiction."

CRLJ 82. In this case, the majority's interpretation of CRLJ 14A(b) does just that

by extending a district court's judicial authority to cases over which it never

acquired subject matter jurisdiction. I would affirm the Court of Appeals' well-

reasoned decision, which gives meaning to CRLJ 14A(b) while respecting the

legislature's exclusive constitutional authority to establish the powers, duties and

jurisdiction of district courts. I respectfully dissent.

## ANALYSIS

A.    Where a court never acquires jurisdiction over a case, that case is subject to
      mandatory dismissal

The majority's "assum[ption]" that the district court lacked jurisdiction over

this case is entirely correct. Majority at 9. Rather than merely assume, I would

1

hold that the district court never acquired subject matter jurisdiction over this case and therefore properly dismissed it in accordance with settled law.

In this state, district courts have limited, not general, jurisdiction, and "'[t]he legislature has sole authority to prescribe their jurisdiction and powers.'" *State v. Granath*, 190 Wn.2d 548, 551, 415 P.3d 1179 (2018) (quoting *Smith v. Whatcom County Dist. Court*, 147 Wn.2d 98, 104, 52 P.3d 485 (2002)). Pursuant to its constitutional authority, the legislature has provided that district courts have authority to hear certain civil cases in which "the value of the claim or the amount at issue does not exceed one hundred thousand dollars." RCW 3.66.020.

According to the statute's plain language, the amount-in-controversy limit is not a venue provision, a procedural rule, or a claim-processing statute but, instead, a substantive limit on the district court's "jurisdiction." *Id.* Therefore, the legislature has made it clear that district courts have no authority "to hear and determine the class of actions" in which the amount in controversy exceeds $100,000. *In re Adoption of Buehl*, 87 Wn.2d 649, 655, 555 P.2d 1334 (1976).

"[T]he original amount in controversy is to be determined by the averments of the pleadings." *Baker v. Oliver*, 37 Wn.2d 862, 864, 226 P.2d 567 (1951). In this case, the complaint unambiguously sought "actual compensatory damages in an amount exceeding $100,000.00." Clerk's Papers at 62. Thus, from the outset, the amount in controversy unequivocally exceeded the district court's jurisdiction.

The district court never acquired subject matter jurisdiction over this case and therefore had no authority to "exercise" any "judicial power." *Buehl*, 87 Wn.2d at 655. "A court lacking such jurisdiction may do nothing other than enter an order of dismissal." *Id.*

The district court's order of dismissal in this case was therefore entirely proper in light of the statutory limits on its jurisdiction and this court's precedent. This result is also consistent with legislative intent.

B.     The legislature intends mandatory dismissal to apply in this case

The legislature is undoubtedly aware that where a court never acquires jurisdiction over a case, that case is generally subject to mandatory dismissal. We know this is so because the legislature has chosen to explicitly allow transfer (or removal) of certain cases where a court otherwise lacks statutory jurisdiction. The areas in which the legislature has, and has not, made such allowances are indicative of the legislature's intent as applied to this case.

For example, the legislature has provided that "'[n]o case, appeal or petition for a writ filed in the supreme court or the [Court of Appeals] shall be dismissed for the reason that it was not filed in the proper court, but it shall be transferred to the proper court.'" *In re Pers. Restraint of Johnson*, 131 Wn.2d 558, 566, 933 P.2d 1019 (1997) (second alteration in original) (quoting RCW 2.06.030); *see* majority at 10-12. The legislature has also provided that district courts otherwise

3

lacking statutory jurisdiction have the power to transfer a case rather than dismiss it in certain circumstances, such as where transfer is necessary "in order to acquire jurisdiction over a third party defendant." RCW 4.14.010. We have always respected these legislative judgments because the legislature's constitutional authority to prescribe statutory limits on the powers, duties, and jurisdiction of certain courts necessarily includes the authority to modify those limits through legislation.

There is no statute authorizing a district court to transfer a case to superior court where the amount in controversy as pleaded in the complaint unambiguously exceeds the district court's statutory jurisdiction. Thus, as the Court of Appeals has recognized, a district court does not have "the specified or implied power to transfer jurisdiction over a case to the superior court when an amended complaint is filed alleging damages exceeding the district court's jurisdictional limit." *Howlett v. Weslo, Inc.*, 90 Wn. App. 365, 367, 951 P.2d 831 (1998).

Since that opinion was published, the legislature has had over 20 years to enact a statute allowing or mandating transfer in such cases. It has not done so. We must therefore assume that the legislature intends for mandatory dismissal to apply where the complaint, on its face, seeks damages in excess of the district court's statutory jurisdiction. The majority's interpretation of CRLJ 14A(b) is thus directly contrary to the legislature's intent.

4

C.    The majority's reading of CRLJ 14A(b) intrudes on the legislature's
exclusive constitutional authority

The majority here concludes that the district court was required to act

contrary to the legislature's intent by assuming that because a *statute* may expand a

court's statutory jurisdiction, "another enactment" such as a *court rule* may do so

as well. Majority at 12. I cannot agree.

Unlike the legislature, the judiciary does not possess the inherent authority

to prescribe or modify the district courts' statutory jurisdiction. Instead, "the

people, through our constitution, have . . . authorized only *the legislature* (aside

from the constitutional amendment process) to prescribe the powers, duties and

jurisdiction of such courts." *Young v. Konz*, 91 Wn.2d 532, 542, 588 P.2d 1360

(1979). The majority's interpretation of CRLJ 14A(b), however, gives district

courts both the power and the duty to exercise judicial authority in cases where

they never acquire jurisdiction, contrary to the legislature's intent.

Referring to CRLJ 14A(b) as a mere "procedural rule" cannot save the

majority's interpretation. Majority at 9. We have already held that procedural

rules are "applicable only after the commencement of an action." *Diehl v. W.*

*Wash. Growth Mgmt. Hr'gs Bd.*, 153 Wn.2d 207, 216, 103 P.3d 193 (2004). I

agree that this does not mean "the district court operates totally without rules when

5

a party has filed a claim over which the court lacks subject matter jurisdiction."
Majority at 16. There is indeed a rule: dismiss the case.[1]

Mandatory dismissal where a court never acquires subject matter jurisdiction is not an ordinary procedural rule that may be enacted, rescinded, or modified at this court's discretion. While such dismissal is *memorialized* in a court rule of civil procedure, CRLJ 12(h)(3), it is *required* by our basic constitutional structure. All government entities, including courts, may exercise power only within the scope of their authority because "[a]ll political power is inherent in the people, and governments derive their just powers from the consent of the governed." CONST. art. I, § 1. The people have not given their consent, either by constitution or by statute, for a district court to exercise judicial power in a case that unambiguously seeks damages in excess of the district court's jurisdiction.

Dismissal without prejudice properly treats such a case as though it was never commenced, because it was not. The complaint was merely presented to an entity with no authority to act on it, and a district court does not acquire "jurisdiction of the subject matter by reason of the filing of such complaint." *State*

---

[1] It is irrelevant that civil rules may govern a court's determination of whether it has subject matter jurisdiction. *See* majority at 16-17. Courts *do* have "inherent jurisdiction to construe jurisdictional statutes," as well as "jurisdiction to determine the procedures which govern its own jurisdiction." *Stikes Woods Neigh. Ass'n v. City of Lacey*, 124 Wn.2d 459, 465, 880 P.2d 25 (1994) (citing RCW 2.04.190). Meanwhile, courts *do not* have inherent jurisdiction to exercise judicial power in cases where they clearly lack subject matter jurisdiction from the outset. *Buehl*, 87 Wn.2d at 655.

6

*ex rel. Egbert v. Superior Court*, 9 Wash. 369, 371, 37 P. 489 (1894). Meanwhile, transferring such a case is an exercise of judicial power that gives legal effect to the complaint's filing as though it properly commenced an action. As discussed above, the legislature has authorized such transfers in certain circumstances pursuant to its constitutional authority. But it has not done so here, and we have no inherent authority to negate that legislative judgment by court rule.

The long-standing practice of mandatory dismissal in cases where a court never acquires subject matter jurisdiction is a recognition of the constitutional limitations on a court's authority. By contrast, transferring such a case in accordance with the majority's interpretation of CRLJ 14A(b) is a substantive expansion of the district court's power to act where it lacks subject matter jurisdiction, contrary to both the legislature's intent and the constitution.

D.     The Court of Appeals correctly interpreted CRLJ 14A(b)

CRLJ 14A(b) provides, "When any party in good faith asserts a claim in an amount in excess of the jurisdiction of the district court or seeks a remedy beyond the jurisdiction of the district court, the district court shall order the entire case removed to superior court." The majority asserts that its interpretation of this rule is compelled by its plain language.[2] Majority at 12-13. However, the majority's

_____

[2] I question the assumption that a good faith error of law regarding the district court's statutory jurisdiction must be treated the same as a good faith error of fact regarding the amount

7

interpretation renders CRLJ 14A(b) an unconstitutional intrusion on the

legislature's exclusive authority, as discussed above.  Meanwhile, as explained by

the Court of Appeals, it is possible to interpret CRLJ 14A(b) in a manner that is

both reasonable and constitutional:

> Where a plaintiff properly invokes the subject matter jurisdiction of
> the district court by demanding relief that is within the amount-in-
> controversy limit of the court, CRLJ 14A(b) can afterward be applied
> to direct a transfer of the case to superior court.  For example, a
> plaintiff may later seek to remove the case to superior court on the
> good faith belief that although her damages initially were below the
> limit, they now appear to exceed the subject matter jurisdiction of the
> district court.  Or the rule may be applied where a plaintiff, through
> third-party practice, recognizes the need to assert a claim against a
> new party that exceeds the subject matter jurisdiction dollar limit.
> Additionally, cross claims and counterclaims that exceed the amount-
> in-controversy limit would also be subject to CRLJ 14A(b).

*Banowsky v. Backstrom*, 4 Wn. App. 2d 338, 349, 421 P.3d 1030 (2018) (footnote

omitted).  Such applications of CRLJ 14A(b) do not occur until *after* the district

court has acquired subject matter jurisdiction over the case, at which point court

rules of civil procedure do apply.  *Diehl*, 153 Wn.2d at 216.  I would therefore

adopt the Court of Appeals' interpretation of CRLJ 14A(b), which does not

authorize transfer to superior court in this case.

---

that is actually in controversy in a given case.  *See* majority at 13.  The law is clear, stable, and
publicly available, and self-represented litigants are expected to know and comply with
applicable laws just as attorneys are.  *In re Pers. Restraint of Rhem*, 188 Wn.2d 321, 328, 394
P.3d 367 (2017).  Meanwhile, the amount in controversy in a particular case may actually change
over time as injuries develop or may become more apparent over the course of discovery.

CONCLUSION

The majority's interpretation and application of CRLJ 14A(b) in this case is contrary to legislative intent and intrudes on the legislature's exclusive constitutional authority to prescribe the powers, duties, and jurisdiction of district courts. I therefore respectfully dissent.

_____

Yu, J.

Fairhurst, C.J.