YU, J. (dissenting)
¶66 The Civil Rules for Courts of Limited Jurisdiction do not purport "to extend or limit the jurisdiction of the courts of limited jurisdiction." CRLJ 82. In this case, the majority's interpretation of CRLJ 14A(b) does just that by extending a district court's judicial authority to cases over which it never *555 acquired subject matter jurisdiction. I would affirm the Court of Appeals' well-reasoned decision, which gives meaning to CRLJ 14A(b) while respecting the legislature's exclusive constitutional authority to establish the powers, duties and jurisdiction of district courts. I respectfully dissent. *747 ANALYSIS
A. Where a court never acquires jurisdiction over a case, that case is subject to mandatory dismissal
¶67 The majority's "assum[ption]" that the district court lacked jurisdiction over this case is entirely correct. Majority at 548. Rather than merely assume, I would hold that the district court never acquired subject matter jurisdiction over this case and therefore properly dismissed it in accordance with settled law.
¶68 In this state, district courts have limited, not general, jurisdiction, and " '[t]he legislature has sole authority to prescribe their jurisdiction and powers.' " State v. Granath, 190 Wash.2d 548, 551, 415 P.3d 1179 (2018) (quoting Smith v. Whatcom County Dist. Court, 147 Wash.2d 98, 104, 52 P.3d 485 (2002) ). Pursuant to its constitutional authority, the legislature has provided that district courts have authority to hear certain civil cases in which "the value of the claim or the amount at issue does not exceed one hundred thousand dollars." RCW 3.66.020.
¶69 According to the statute's plain language, the amount-in-controversy limit is not a venue provision, a procedural rule, or a claim-processing statute but, instead, a substantive limit on the district court's "jurisdiction." Id. Therefore, the legislature has made it clear that district courts have no authority "to hear and determine the class of actions" in which the amount in controversy exceeds $100,000. In re Adoption of Buehl, 87 Wash.2d 649, 655, 555 P.2d 1334 (1976).
¶70 "[T]he original amount in controversy is to be determined by the averments of the pleadings." Baker v. Oliver, 37 Wash.2d 862, 864, 226 P.2d 567 (1951). In this case, the complaint unambiguously sought "actual compensatory damages in an amount exceeding $100,000.00." Clerk's Papers at 62. Thus, from the outset, the amount in controversy unequivocally exceeded the district court's jurisdiction. The *748 district court never acquired subject matter jurisdiction over this case and therefore had no authority to "exercise" any "judicial power." Buehl, 87 Wash.2d at 655, 555 P.2d 1334. "A court lacking such jurisdiction may do nothing other than enter an order of dismissal." Id.
¶71 The district court's order of dismissal in this case was therefore entirely proper in light of the statutory limits on its jurisdiction and this court's precedent. This result is also consistent with legislative intent.
B. The legislature intends mandatory dismissal to apply in this case
¶72 The legislature is undoubtedly aware that where a court never acquires jurisdiction over a case, that case is generally subject to mandatory dismissal. We know this is so because the legislature has chosen to explicitly allow transfer (or removal) of certain cases where a court otherwise lacks statutory jurisdiction. The areas in which the legislature has, and has not, made such allowances are indicative of the legislature's intent as applied to this case.
¶73 For example, the legislature has provided that " '[n]o case, appeal or petition for a writ filed in the supreme court or the [Court of Appeals] shall be dismissed for the reason that it was not filed in the proper court, but it shall be transferred to the proper court.' " In re Pers. Restraint of Johnson, 131 Wash.2d 558, 566, 933 P.2d 1019 (1997) (second alteration in original) (quoting RCW 2.06.030 ); see majority at 548-49. The legislature has also provided that district courts otherwise lacking statutory jurisdiction have the power to transfer a case rather than dismiss it in certain circumstances, such as where transfer is necessary "in order to acquire jurisdiction over a third party defendant." RCW 4.14.010. We have always respected these legislative judgments because the legislature's constitutional authority to prescribe statutory limits on the powers, duties, and jurisdiction of certain courts necessarily includes the authority to modify those limits through legislation.
*556 *749 ¶74 There is no statute authorizing a district court to transfer a case to superior court where the amount in controversy as pleaded in the complaint unambiguously exceeds the district court's statutory jurisdiction. Thus, as the Court of Appeals has recognized, a district court does not have "the specified or implied power to transfer jurisdiction over a case to the superior court when an amended complaint is filed alleging damages exceeding the district court's jurisdictional limit." Howlett v. Weslo, Inc., 90 Wash. App. 365, 367, 951 P.2d 831 (1998).
¶75 Since that opinion was published, the legislature has had over 20 years to enact a statute allowing or mandating transfer in such cases. It has not done so. We must therefore assume that the legislature intends for mandatory dismissal to apply where the complaint, on its face, seeks damages in excess of the district court's statutory jurisdiction. The majority's interpretation of CRLJ 14A(b) is thus directly contrary to the legislature's intent.
C. The majority's reading of CRLJ 14A(b) intrudes on the legislature's exclusive constitutional authority
¶76 The majority here concludes that the district court was required to act contrary to the legislature's intent by assuming that because a statute may expand a court's statutory jurisdiction, "another enactment" such as a court rule may do so as well. Majority at 549. I cannot agree.
¶77 Unlike the legislature, the judiciary does not possess the inherent authority to prescribe or modify the district courts' statutory jurisdiction. Instead, "the people, through our constitution, have ... authorized only the legislature (aside from the constitutional amendment process) to prescribe the powers, duties and jurisdiction of such courts." Young v. Konz, 91 Wash.2d 532, 542, 588 P.2d 1360 (1979). The majority's interpretation of CRLJ 14A(b), however, gives district courts both the power and the duty to exercise judicial authority in cases where they never acquire jurisdiction, contrary to the legislature's intent.
*750 ¶78 Referring to CRLJ 14A(b) as a mere "procedural rule" cannot save the majority's interpretation. Majority at 548. We have already held that procedural rules are "applicable only after the commencement of an action." Diehl v . W. Wash. Growth Mgmt. Hr'gs Bd., 153 Wash.2d 207, 216, 103 P.3d 193 (2004). I agree that this does not mean "the district court operates totally without rules when a party has filed a claim over which the court lacks subject matter jurisdiction." Majority at 550. There is indeed a rule: dismiss the case.[1]
¶79 Mandatory dismissal where a court never acquires subject matter jurisdiction is not an ordinary procedural rule that may be enacted, rescinded, or modified at this court's discretion. While such dismissal is memorialized in a court rule of civil procedure, CRLJ 12(h)(3), it is required by our basic constitutional structure. All government entities, including courts, may exercise power only within the scope of their authority because "[a]ll political power is inherent in the people, and governments derive their just powers from the consent of the governed." CONST. art. I, § 1. The people have not given their consent, either by constitution or by statute, for a district court to exercise judicial power in a case that unambiguously seeks damages in excess of the district court's jurisdiction.
¶80 Dismissal without prejudice properly treats such a case as though it was never commenced, because it was not. The complaint was merely presented to an entity with no authority to act on it, and a district court does not acquire "jurisdiction of the subject matter by reason of the filing of such complaint."
*751 State ex rel. Egbert v. Superior Court , 9 Wash. 369, 371, 37 P. 489 (1894). Meanwhile, transferring such a case is an *557 exercise of judicial power that gives legal effect to the complaint's filing as though it properly commenced an action. As discussed above, the legislature has authorized such transfers in certain circumstances pursuant to its constitutional authority. But it has not done so here, and we have no inherent authority to negate that legislative judgment by court rule.
¶81 The long-standing practice of mandatory dismissal in cases where a court never acquires subject matter jurisdiction is a recognition of the constitutional limitations on a court's authority. By contrast, transferring such a case in accordance with the majority's interpretation of CRLJ 14A(b) is a substantive expansion of the district court's power to act where it lacks subject matter jurisdiction, contrary to both the legislature's intent and the constitution.
D. The Court of Appeals correctly interpreted CRLJ 14A(b)
¶82 CRLJ 14A(b) provides, "When any party in good faith asserts a claim in an amount in excess of the jurisdiction of the district court or seeks a remedy beyond the jurisdiction of the district court, the district court shall order the entire case removed to superior court." The majority asserts that its interpretation of this rule is compelled by its plain language.[2] Majority at 549-50. However, the majority's interpretation renders CRLJ 14A(b) an unconstitutional intrusion on the legislature's exclusive authority, as discussed above. Meanwhile, as explained by the Court of *752 Appeals, it is possible to interpret CRLJ 14A(b) in a manner that is both reasonable and constitutional:
Where a plaintiff properly invokes the subject matter jurisdiction of the district court by demanding relief that is within the amount-in-controversy limit of the court, CRLJ 14A(b) can afterward be applied to direct a transfer of the case to superior court. For example, a plaintiff may later seek to remove the case to superior court on the good faith belief that although her damages initially were below the limit, they now appear to exceed the subject matter jurisdiction of the district court. Or the rule may be applied where a plaintiff, through third-party practice, recognizes the need to assert a claim against a new party that exceeds the subject matter jurisdiction dollar limit. Additionally, cross claims and counterclaims that exceed the amount-in-controversy limit would also be subject to CRLJ 14A(b).
Banowsky v. Backstrom, 4 Wash. App. 2d 338, 349, 421 P.3d 1030 (2018) (footnote omitted). Such applications of CRLJ 14A(b) do not occur until after the district court has acquired subject matter jurisdiction over the case, at which point court rules of civil procedure do apply. Diehl, 153 Wash.2d at 216, 103 P.3d 193. I would therefore adopt the Court of Appeals' interpretation of CRLJ 14A(b), which does not authorize transfer to superior court in this case.
CONCLUSION
¶83 The majority's interpretation and application of CRLJ 14A(b) in this case is contrary to legislative intent and intrudes on the legislature's exclusive constitutional authority to prescribe the powers, duties, and jurisdiction of district courts. I therefore respectfully dissent.
Fairhurst, C.J.

The Court of Appeals did not have the benefit of our opinions in Posey and ZDI when it decided Howlett v. Weslo, Inc., 90 Wash. App. 365, 951 P.2d 831 (1998). To the extent Howlett is inconsistent with our opinion today, I would overrule it.

I question the assumption that a good faith error of law regarding the district court's statutory jurisdiction must be treated the same as a good faith error of fact regarding the amount that is actually in controversy in a given case. See majority at 549-50. The law is clear, stable, and publicly available, and self-represented litigants are expected to know and comply with applicable laws just as attorneys are. In re Pers. Restraint of Rhem, 188 Wash.2d 321, 328, 394 P.3d 367 (2017). Meanwhile, the amount in controversy in a particular case may actually change over time as injuries develop or may become more apparent over the course of discovery.